433 A.2d 906

RAYBESTOS–MANHATTAN, INC.,

v.

INDUSTRIAL RISK INSURERS, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 7, 1981.

Filed Aug. 14, 1981.

Miles A. Jellinek, Philadelphia, for appellant.

Christopher S. Underhill, Lancaster, for appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this appeal, we are asked to interpret the exclusion clause contained in an all risk policy of insurance.

On June 5, 1978, a tank truck owned by Matlack, Inc. and carrying No. 2 fuel oil arrived at the premises of appellee,

Raybestos-Manhattan, Inc., in Manheim, Lancaster County. Appellee's purchasing department, acting under the mistaken assumption that the truck was carrying heptane, directed the truck to Department P–30 and informed the foreman that a heptane truck was on the way. The foreman was unavailable to direct the truck and review the bill of lading. Therefore, he sent a substitute to show the driver where to empty the contents of the truck. The substitute foreman instructed the driver to empty the contents of the tank truck into appellee's twenty thousand gallon, underground, heptane tank. Thus, because of the driver's unfamiliarity with appellee's storage facilities and the substitute foreman's mistaken belief that the truck was carrying heptane, an entire load of No. 2 fuel oil was emptied into appellee's heptane tank. From there, the fuel oil, now mixed with heptane, was fed into an auxiliary heptane tank used for production purposes. There it inflicted serious damage to work in progress.

The foregoing facts were stipulated by the parties. The trial court found that coverage existed under the terms of the all risk policy issued by appellant, Industrial Risk Insurers. After reducing appellee's damages by the $10,000 deductible feature of the policy, the court caused judgment to be entered in appellee's favor for $24,857. This appeal followed.

The policy of all risk coverage issued by the appellant insurer provided coverage "against all risks of direct physical loss or damage from *any external cause* to the insured property, except as hereinafter excluded." (Emphasis added.)

The exclusion clause provided: "This policy does not insure against loss caused by or resulting from . . . 3. dampness or dryness of atmosphere, extremes or changes of temperature, shrinkage, evaporation, loss of weight, leakage of contents, marring, scratching, exposure to light, *contamination,* change in flavor or color or texture or finish; *unless such loss is caused directly by physical damage to the property covered,* or to premises containing such property, *by a peril not excluded in this policy."* (Emphasis added.)

" 'Contamination' connotes a condition of impurity resulting from mixture or contact with a foreign substance." *American Casualty Co. of Reading, Pennsylvania v. Myrick,* 304 F.2d 179, 183 (5th Cir. 1962). In Webster's Third New International Dictionary, the word "contaminate" is defined as follows: "to render unfit for use by the introduction of unwholesome or undesirable elements . . . . Contaminate implies an action by something external to an object which by entering into or coming in contact with the object destroys its purity."

In *Hi-G, Inc. v. St. Paul Fire & Marine Insurance Co.,* 283 F.Supp. 211 (D.C.Mass.1967), *aff'd,* 391 F.2d 924 (C.A. 1st 1968), small electro-mechanical relays were being subjected to heat inside an oven in preparation for the introduction of a preservative gas when, because of a mishap, oil vapor entered the oven and coated the relays in a manner which destroyed their usefulness. The district court found that the relays had been contaminated and denied recovery under a policy which excluded coverage for contamination. Similarly, in *American Casualty Co. of Reading, Pennsylvania v. Myrick,* supra, ammonia had escaped from the coils of a cooling system and had rendered chickens, eggs and other food products unfit for human consumption and of no value. The Court held that the loss had been caused by contamination and, therefore, was within the terms of a clause which excluded coverage for loss caused by contamination.

By any reasonable definition, the damage to appellee's work in progress in this case was caused by contamination. There had been introduced into appellee's heptane tank an element which, when it came into contact with work in progress, rendered it worthless.

The all risk policy provides, however, that there shall nevertheless be coverage if such a loss is caused "by a peril not excluded in this policy." The policy provides coverage for "all risks of direct physical loss or damage *from any external cause.*" (Emphasis added.) Although various external causes are specifically excluded, there is no exclusion for the negligent acts of third persons or employees and no

exclusion specifically applicable to an external cause comparable to that which brought about appellee's loss.

■ The policy issued by appellant was designated an "all risks" policy and insured against "all risks of direct physical loss or damage." Such a policy ordinarily covers every loss that may happen, except by the fraudulent acts of the insured. 5 Couch on Insurance, p. 4152, Sec. 1169. Therefore, "the very nature of the term 'all risks' must be given a broad and comprehensive meaning as to covering any loss other than a wilful or fraudulent act of the insured." *Miller v. Boston Insurance Co.*, 420 Pa. 566, 572, 218 A.2d 275, 278 (1966). Moreover, where there is doubt or uncertainty about the meaning of ambiguous language used in a policy of insurance, the policy must be construed in favor of the insured in order not to defeat the protection which he reasonably expected from the policy he purchased. *Shamey v. State Farm Mutual Automobile Insurance Co.*, 229 Pa.Super. 215, 222–23, 331 A.2d 498, 501 (1974); *Frisch v. State Farm Fire and Casualty Co.*, 218 Pa.Super. 211, 214, 275 A.2d 849, 851 (1971); *Filaseta v. Pennsylvania Threshermen and Farmers' Mutual Insurance Co.*, 209 Pa.Super. 322, 329, 228 A.2d 18, 22 (1967). See also: 18 P.L.E. Insurance, § 94.

Appellant argues that to construe the language of the exclusionary clause to permit coverage where a loss is attributable to the negligent introduction of a foreign substance is to destroy the contamination exclusion. Although we do not agree with this analysis, it must be conceded that an exception to the exclusion clause as is present in the instant policy severely restricts the exclusion and broadens the coverage provided. The answer is that this appears to be the intent of the policy's language, which appellant prepared and issued to appellee.

In *Dubuque Fire and Marine Insurance Co. v. Caylor*, 249 F.2d 162 (10th Cir. 1957), the insurer had issued an all risk policy providing coverage for loss or damage resulting from "any external cause, except as hereinafter excluded." One of the exclusions was for "incidental loss or damage due to operation of equipment." An anti-freeze solution containing ethylene glycol was inadvertently poured into the crankcases

of the engines of several pieces of heavy equipment. Thereafter the engines were damaged during normal operation. The court held that there was coverage because the introduction of the anti-freeze solution into the crankcases was an external, proximate cause of the loss. It was not superseded by the use of the equipment. With respect to external cause, the Court said, it "is concerned with the outward source or origin of an instigating agent. A cause which has an external source or origin is not rendered internal by the fact that its effect is internal, since it is the means and not the injury to which the phrase refers." Id. at 164–5.

■ The proximate or direct cause of appellee's loss was the unintentional pouring of fuel oil into a tank intended for heptane. This was a non-excluded, external cause. Therefore, the policy provided coverage even though the external cause brought about the loss by contaminating the contents of the heptane tank used for work in progress. Indemnity was provided for such a loss to the same extent as if oil had been poured directly upon the work in progress.

The judgment is affirmed.