603 A.2d 192

**Allen R. KRAMER and Clair Kramer, H/W, Appellants,**

**v.**

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 1, 1991.

Filed Feb. 6, 1992.

228

Stanley J. Brassington, Schuylkill Haven, for appellants.
John W. Ashley, Allentown, for appellee.

Before DEL SOLE, JOHNSON and HESTER, JJ.

DEL SOLE, Judge:

This is an appeal from the trial court order sustaining Appellee State Farm Fire and Casualty Insurance Company's Motion to Strike, which was filed as Preliminary Objections, in the nature of a demurrer. Finding no abuse of discretion nor error of law, we affirm.

Appellants Allen and Clair Kramer, husband and wife, owned a dwelling which was insured under a rental dwelling policy issued by Appellee State Farm. The policy specifically stated that "[n]o action shall be brought unless there has been compliance with the policy provisions and the action is started within one (1) year after the occurrence causing loss or damage." On January 28, 1987, the Kramers sustained a fire loss on the insured property. They submitted a claim under the policy, which was subsequently denied by State Farm, on the basis that the Appellants themselves were responsible for the fire and had in fact committed arson. Appellants did not institute suit under the policy until February 22, 1991, a period well in excess of the one year contractual statute of limitations. State Farm, in response to the commencement of suit, filed Preliminary Objections, raising the policy's statute of limitations and alleging that Appellants had failed to state a claim upon which relief could be granted. Additionally, the insurer asserted that the trial court lacked jurisdiction over the insured's claim under the Unfair Insurance Practices Act, and that the insured's claim for "bad faith" against the insurer be stricken. The trial court sustained Appellee's Preliminary Objections in the nature of a demurrer, holding that suit was barred by the policy's one year statute of

limitations and that violations of the Unfair Insurance Practices Act were not matters within its jurisdiction. Appellants' claims for "bad faith" were also dismissed, and they brought this timely appeal.

■ Appellants first allege that the insurance policy's one year statute of limitations does not bar the complaint in the instant case because Appellee-insurer acted fraudulently by inducing them to delay filing suit. Specifically, Appellants claim that the insurer's allegation that the fire was caused by arson was an attempt to induce them to forego filing suit. It is well settled that a limitation on the time for bringing suit under an insurance contract is a contractual undertaking between the parties to the contract which is both valid and reasonable. *Lardas v. Underwriters Insurance Company*, 426 Pa. 47, 231 A.2d 740 (1967). Such contractual limitations periods may be waived, however, in cases in which the actions of the insurer lead the insured to believe the contractual period will not be enforced, *General State Authority v. Planet Insurance Company*, 464 Pa. 162, 346 A.2d 265 (1975), or where the insured's failure to comply is induced by the actions of the insurer. *Id.*, 464 Pa. at 165 n. 6, 346 A.2d at 267, n. 6.

In the instant case, there is no indication from the facts as they appear in the record that the insurer misled the Appellants about the possibility of settlement or induced Appellants to refrain from commencing suit. *See Lardas v. Underwriters Insurance Company*, 426 Pa. 47, 52, 231 A.2d 740, 742 (1967). It can hardly be said that State Farm's assertion regarding why it refused to pay Appellants' claim constituted a fraudulent communication or means of duress or coercion which forced Appellants to forbear bringing suit until after the limitations period had expired. Furthermore, State Farm advised Appellants of the one year limitations period for bringing suit in the same letter in which it advised them that it would not pay their claim and stating the reasons for its refusal. Therefore, we find no error on the part of the trial court in its ruling that

no waiver of the limitations period occurred in the present case.

Appellants also contend that the trial court erred in refusing to allow them to amend their complaint in order to delete their claim under the Unfair Insurance Practices Act, and rephrase their complaint to include a claim for fraud and deceit, which would have been within the jurisdiction of the trial court. Causes of action under the Act are administrative in nature and therefore it was not an error for the trial court to conclude that the Insurance Commissioner was the appropriate authority to enforce the statute, and to grant Appellee's Motion to Strike on the grounds that Appellants had failed to state a claim upon which relief could be granted. *See Hardy v. Pennock Insurance Agency, Inc.*, 365 Pa.Super. 206, 529 A.2d 471 (1987).

In regard to Appellants' claim that it was error for the trial court to refuse to allow them to amend their complaint so that the Court of Common Pleas would have jurisdiction, we find no abuse of the trial court's discretion. Although liberal right of amendment is generally afforded all litigants, *Dietrich Industries Inc. v. Abrams*, 309 Pa.Super. 202, 455 A.2d 119 (1982), amendment which would introduce a new cause of action is not permitted after the statute of limitations on that claim has run against a defendant. *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 431 A.2d 237 (1981). In the instant matter, Appellants were barred from relief, irrespective of their choice of tribunal. Therefore, the trial court's decision to refuse to grant Appellants' request for leave to amend their complaint was correct.

Appellants' final contention is that Pennsylvania law does recognize a claim for bad faith against an insurance company in addition to the statutory remedy provided by the Unfair Insurance Practices Act, and that therefore it was error for the trial court to grant Appellee's Motion to Strike the claim for "bad faith." Appellants cite *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance*

*Company,* 494 Pa. 501, 431 A.2d 966 (1981), for the proposition that the limitations imposed on remedies which are supplemental to those provided for by statute pertain only to damages for "emotional distress" caused by an insurer's "bad faith" conduct. Therefore, Appellants claim, their claim does not fall within this category and should not have been dismissed. We do not find this reading of *D'Ambrosio* to be persuasive. In *Hardy v. Pennock Insurance Agency, Inc.,* 365 Pa.Super. 206, 529 A.2d 471 (1987), this court referred to its decision in *Pekular v. Eich,* 355 Pa.Super. 276, 513 A.2d 427 (1986), in which it clarified the holding in *D'Ambrosio:*

> In *D'Ambrosio,* the Court expressly refused to supplement the UIPA with a judicially created cause of action which had never before been recognized by Pennsylvania courts. However, we do not read *D'Ambrosio* to preclude *existing* common law remedies such as fraud and deceit.

*Pekular,* 355 Pa.Superior at 284, 513 A.2d at 431. Thus, it is clear that while existing common law causes of action for fraud and deceit are permitted in addition to the statutory remedy of the Unfair Insurance Practices Act, no direct cause of action for "bad faith" on the part of an insurer exists in Pennsylvania. Therefore, it was not error for the trial court to grant Appellee's Motion to Strike that portion of Appellants' complaint and we accordingly affirm the order sustaining Appellee's Preliminary Objections.

Order affirmed.