632 A.2d 939

Edwin and Lisa GRAHAM, H/W, Appellants,

v.

HARLEYSVILLE INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 11, 1993.

Filed Nov. 5, 1993.

446

Kathleen S. McCardle, Norristown, for appellants.

Debra G. Staples, Philadelphia, for appellee.

Before WIEAND, CIRILLO and HESTER, JJ.

WIEAND, Judge.

Edwin and Lisa Graham were the owners of a residence which, on December 5, 1988, was damaged by oil escaping from their neighbor's oil tank. Harleysville Mutual Ins. Co. had written a homeowners' policy of insurance on the Grahams' residence. When the Grahams gave Harleysville notice of the oil damage, the insurer denied coverage because of an exclusion in the policy with respect to losses caused by the "release, discharge or dispersal of contaminants or pollutants."

On May 21, 1992, the Grahams commenced an action against Harleysville to recover their loss. The complaint alleged breach of contract and bad faith and included a copy of the policy of insurance. Harleysville filed preliminary objections in the nature of a demurrer. It contended, inter alia, that the Grahams had failed to comply with a policy provision requiring suit to be filed "within one year after the date of loss." The trial court sustained this preliminary objection and entered judgment in favor of the defendant insurer. The Grahams appealed. They contend that the defense raised by the defendant-insurer was a statute of limitations defense which, according to Pa.R.C.P. 1030, should have been pleaded as new matter in a responsive pleading. See: Note to Pa.R.C.P. 1028(a)(4).

"[A] limitation on the time for bringing suit under an insurance contract is a contractual undertaking between the

parties to the contract which is both valid and reasonable." *Kramer v. State Farm Fire and Casualty Ins. Co.*, 412 Pa.Super. 227, 230, 603 A.2d 192, 193 (1992). See: *Lardas v. Underwriters Ins. Co.*, 426 Pa. 47, 231 A.2d 740 (1967). Such contractual limitations, however, can be waived. *Kramer v. State Farm Fire and Casualty Ins. Co., supra.* See: *General State Authority v. Planet Ins. Co.*, 464 Pa. 162, 165, 346 A.2d 265, 267 (1975). Therefore, it is necessary that a defense based on breach of a contractual provision limiting the time for the filing of suit be pleaded as new matter in a responsive pleading. When the defense is raised in this manner, the plaintiff, by reply, can then assert facts, if any exist, which constitute a waiver of such contractual limitation or impose an estoppel upon the defendant to assert such a defense.

■ This was the case here. The plaintiff-appellants argue that Harleysville waived the one year limitation as a consequence of an agreement by which a prior action against Harleysville was terminated without prejudice to plaintiff-appellants' right to file a second action. The trial court, in its opinion filed under Pa.R.App.P. 1925, concedes that it did not consider the issue of waiver but suggests that the issue was not properly raised by appellants in that court. This, however, is precisely the reason why it was inappropriate to dismiss the complaint on preliminary objections in the nature of a demurrer. Because the issue of the contractual limitation was raised by preliminary objections, there was no way in which appellants' allegation of waiver could be placed on the record before the court made its ruling. If the contractual limitation had been pleaded as new matter in a responsive pleading, however, appellants may have been able to plead facts sufficient to raise an issue of waiver or estoppel. This is the reason for requiring a statute of limitations defense to be pleaded as new matter in a responsive pleading. The rule has equal application to the contractual limitation which the defendant-insurer sought to assert in this action.

Appellee suggests that this Court, even if it disagrees with the trial court's reasoning, can affirm its ruling if it was correct for any reason. See: *Fennell v. Nationwide Mut.*

*Fire Ins. Co.,* 412 Pa.Super. 534, 539, 603 A.2d 1064, 1066 (1992), *allocatur denied,* 533 Pa. 600, 617 A.2d 1274 (1992); *Williams v. Otis Elevator Co.,* 409 Pa.Super. 486, 495, 598 A.2d 302, 306 (1991); *Arnold v. Logue,* 405 Pa.Super. 422, 427, 592 A.2d 735, 737 (1991). It argues, therefore, that we should affirm the dismissal of plaintiff-appellants' action by sustaining another preliminary objection which asserted that the policy provisions had expressly excluded coverage for the loss allegedly sustained by the plaintiff-appellants.

The standard by which a preliminary objection in the nature of a demurrer is to be considered was reviewed by the Supreme Court in *County of Allegheny v. Commonwealth of Pennsylvania,* 507 Pa. 360, 490 A.2d 402 (1985), as follows:

> A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts, *Savitz v. Weinstein,* 395 Pa. 173, 149 A.2d 110 (1959); *March v. Banus,* 395 Pa. 629, 151 A.2d 612 (1959), and every inference fairly deductible from those facts, *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970); *Troop v. Franklin Savings Trust,* 291 Pa. 18, 139 A. 492 (1927). The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer. *Savitz v. Weinstein, supra.*

> Since the sustaining of a demurrer results in a denial of a pleader's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 259 A.2d 443 (1969); *Botwinick v. Credit Exchange, Inc.,* 419 Pa. 65, 213 A.2d 349 (1965); *Savitz v. Weinstein, supra; London v. Kingsley,* 368 Pa. 109, 81 A.2d 870 (1951); *Waldman v. Shoemaker,* 367 Pa. 587, 80 A.2d 776 (1951). If the facts as pleaded state a claim for which relief may be granted under any

theory of law then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected. *Packler v. State Employment Retirement Board,* 470 Pa. 368, 371, 368 A.2d 673, 675 (1977); *see also Schott v. Westinghouse Electric Corp., supra,* [436 Pa.] at 291, 259 A.2d at 449.

*Id.* 507 Pa. at 372, 490 A.2d at 408.

■ Here, as we have observed, the Harleysville policy excludes coverage for damages caused by the "release, discharge or dispersal of contaminants or pollutants." The task of interpreting this exclusion in the contract of insurance is normally one for a court rather than for a jury. *Standard Venetian Blind Co. v. American Empire Ins. Co.,* 503 Pa. 300, 304, 469 A.2d 563, 566 (1984).

The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. See *Mohn v. American Casualty Co. of Reading,* 458 Pa. 576, 326 A.2d 346 (1974). Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. See *Mohn v. American Casualty Co. of Reading, supra.* Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language. See *Pennsylvania Manufacturers' Ass'n Insurance Co. v. Aetna Casualty & Surety Insurance Co.,* 426 Pa. 453, 233 A.2d 548 (1967). "[I]n the absence of proof of fraud, 'failure to read [the contract] is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof.'" *Olson Estate,* 447 Pa. 483, 488, 291 A.2d 95, 98 (1972), quoting *Orner v. T.W. Phillips Gas & Oil Co.,* 401 Pa. 195, 199, 163 A.2d 880, 883 (1960).

*Id.* 503 Pa. at 305, 469 A.2d at 566.

In *Raybestos–Manhattan, Inc. v. Industrial Risk Insurers,* 289 Pa.Super. 479, 433 A.2d 906 (1981), the Superior Court considered an exclusionary clause which excluded coverage for losses caused by contamination or pollution. The Court said:

" 'Contamination' connotes a condition of impurity resulting from mixture or contact with a foreign substance." *American Casualty Co. of Reading, Pennsylvania v. Myrick,* 304 F.2d 179, 183 (5th Cir.1962). In Webster's Third New International Dictionary, the word "contaminate" is defined as follows: "to render unfit for use by the introduction of unwholesome or undesirable elements.... Contaminate implies an action by something external to an object which by entering into or coming in contact with the object destroys its purity."

*Id.* 289 Pa.Super. at 482, 433 A.2d at 907. As one might expect, Webster defines a contaminant as "something that contaminates." Similarly, a pollutant is something that pollutes, i.e., something which makes physically impure or unclean.

The claim made by the plaintiff-appellants in this case was for contamination caused by escaping oil. Such a claim falls precisely within the exclusionary language of the policy. The language is not ambiguous or susceptible to different interpretations. When oil escapes from a neighbor's tank and invades the property of another, it is a contaminant. It has rendered the other's property unfit for use by the introduction of an unwholesome or undesirable element. For such a loss, the Harleysville policy provided no coverage.

It follows that the plaintiff-appellants have failed to state a cause of action entitling them to relief. Therefore, a preliminary objection in the nature of a demurrer must be sustained.

Affirmed.