**Cuddahy v. Prudential Property and Casualty Insurance Company**

*Jonathan Wheeler,* for plaintiffs.
*Howard Wishnoff,* for defendant.

RUFE, W.H., *J.,* August 30, 1994—Defendant, Prudential Insurance Company, has filed a motion for summary judgment. The basis of the motion is that plaintiffs' alleged loss is not covered under the specific terms of their insurance policy. We agree with defendant, and grant the motion for the following reasons.

Plaintiffs, John and Therese Cuddahy, are homeowners who had an oil tank rupture underneath their property, causing extensive damage to their ground, lawn, and patio.[1] Plaintiffs made a claim with defendant pursuant to their homeowner's policy, but defendant denied coverage on the basis that the loss was specifically excluded from coverage because it was the result of contamination. Plaintiffs filed suit, and this motion for summary judgment followed.

Defendant has moved for summary judgment on the basis that the homeowner's policy in question does not provide coverage for a loss resulting from contamination by heating oil. We agree. A review of the contract shows that "contamination" is listed under exclusions to risks for physical loss. (Section I, "Perils Insured Against," page 6.) Plaintiffs respond by arguing that the term "contamination" is unclear, and that the cause of the loss was actually the deterioration and

---

1. There is some debate as to whether the tank suddenly ruptured or had been slowly leaking for a long time, but that dispute does not affect this motion.

corrosion of the oil tank. Plaintiffs argue that the first issue for this court to address is whether the permeation of heating oil from a ruptured oil storage tank constitutes "contamination."

The term "contamination" is not defined in the homeowner's policy. Plaintiffs argue that the term is susceptible to more than one meaning, or is at least unclear as to its meaning, and that we should find the term ambiguous. The task of interpreting an exclusion in a contract of insurance is normally one for a court rather than for a jury. *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 304, 469 A.2d 563, 566 (1983). In *Graham v. Harleysville Insurance Company,* 429 Pa. Super. 444, 632 A.2d 939 (1993), the Superior Court addressed nearly the identical issue that is before us now. In *Graham,* the insureds brought an action against Harleysville to recover under their homeowner's policy for damage that occurred to their property when a neighbor's oil tank leaked.

Like our case, the Harleysville policy had an exclusion for damages caused by the "release, discharge or dispersal of contaminants or pollutants." There, as here, the insureds argued that it was not clear that their claim fell within the exclusion. The *Graham* court disagreed, and cited as authority the earlier case of *Raybestos-Manhattan Inc. v. Industrial Risk Insurers,* 289 Pa. Super. 479, 433 A.2d 906 (1981). In *Raybestos,* the court had to consider the definition of "contamination" in construing an exclusionary clause which excluded coverage for losses caused by contamination or pollution. The *Raybestos* court stated:

" 'Contamination' connotes a condition of impurity resulting from mixture or contact with a foreign sub-

stance. . . . In *Webster's Third New International Dictionary,* the word 'contaminate' is defined as follows: 'to render unfit for use by the introduction of unwholesome or undesirable elements.... Contaminate implies an action by something external to an object which by entering into or coming in contact with the object destroys its purity.' " *Id.* at 482, 433 A.2d at 927.

The *Graham* court stated that the claim made by the insureds was for contamination caused by escaping oil, and that such a claim fell precisely within the exclusionary language of the policy. Relying on the definition of contamination used by the *Raybestos* court, the *Graham* court found that the exclusionary language was not ambiguous or susceptible to different interpretations.

Clearly, the same situation exists here. Although plaintiffs argue otherwise, there is no ambiguity in the word "contamination" as used in this policy, and the damage plaintiffs have experienced is obviously a result of leaking oil contaminating their soil. Because the policy states that Prudential will not cover losses due to contamination, plaintiffs have no basis for recovery and no cause of action against defendant. We therefore enter the following:

## ORDER

And now, August 30, 1994, upon consideration of defendant's motion for summary judgment, plaintiffs' response thereto, memoranda of counsel, and the record, it is hereby ordered and decreed that the motion is granted and judgment is entered in favor of defendant and against plaintiffs.