## Tritto v. Mollica

*James V. Fareri,* for plaintiff.
*Richard G. Fine,* for defendants.

WALLACH MILLER, *J.,* November 21, 1996—On May 16, 1996, a collision occurred on Route 447 in Monroe County between an automobile driven by the defendant, Corrine M. Mollica, and two other automobiles, resulting in a chain reaction car accident in which the plaintiff, Joanne Tritto, was injured. The automobile driven by defendant Mollica was leased from Penrac Inc. in February of 1996. At the time of the execution of the lease agreement, Mollica produced evidence of a valid driver's license and insurance to Penrac.

Paragraphs 26 through 29 of the complaint filed on behalf of the plaintiff allege as follows:

(26) Sometime between February 1996 and the date of the accident, defendant Corrine M. Mollica allowed such [insurance] coverage to lapse, such that the required financial responsibility was not provided by lessee's motor vehicle liability insurance coverage on the date of the accident.

(27) In addition to the above, defendant Corrine M. Mollica did not have a valid driver's license upon the date of the accident.

(28) Defendant Penrac Inc., as a corporation in the business of leasing motor vehicles to the general public in the Commonwealth of Pennsylvania, had a continuing duty to insure that vehicles leased by it were covered by adequate financial responsibility as required by 75 Pa.C.S. §1786(e)(5).

(29) Defendant Penrac Inc. had a duty to insure the coverage represented by lessee/defendant Corrine M. Mollica continued to be in full force and effect after the date of lease especially, as here, where the lease continued for a period of months.

Defendant Penrac has filed preliminary objections in the nature of a demurrer arguing that it had no continuing duty under the relevant statutes. Both parties have filed briefs and the matter was orally argued on November 4, 1996. We are now ready to rule on the disposition of these objections.

A preliminary objection in the nature of a demurrer tests the legal sufficiency of the complaint. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985); *Graham v. Harleysville Insurance Co.,* 429 Pa. Super. 444, 449, 632 A.2d 939, 941 (1993), *alloc. denied,* 539 Pa. 651, 651 A.2d 539 (1994). The precise issue to be resolved is whether, upon the facts averred, the complaint shows with certainty that the plaintiff is not entitled to the legal relief sought. *Graham, supra.* In examining the complaint, the court shall accept as true all well-pled, relevant and material facts as well as all inferences fairly deducible from those facts. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). The court, however, need not accept as true conclusions of law nor unjustified inferences. *County of Allegheny, supra; Graham, supra.*

In its preliminary objections, defendant argues that the plaintiffs have not stated a cause of action in negligence against the defendant Penrac because no legally recognized duty has been asserted or breached by Penrac. We agree.

In its complaint, plaintiff alleges that defendant Penrac possessed a "continuing duty to insure that vehicles leased by it were covered by adequate financial re-

sponsibility as required by 75 Pa.C.S. §1786(e)(5)." This section of the Motor Vehicle Financial Responsibility Law provides:

"In the case of a person who leases any motor vehicle from a person engaged in the business of leasing motor vehicles, the lessee shall sign a statement indicating that the required financial responsibility has been provided through the lessor or through the lessee's motor vehicle liability insurance policy coverage. The lessee shall submit the statement to the lessor."

The statute does not indicate the presence of a "continuing duty" on the part of the lessor. Furthermore, plaintiffs have not referred us to any case law that would require a continuing duty on the part of a leasing organization to continually check and monitor the insurance and/or licensure of a lessee. The statute simply mandates that the proper documentation be reviewed at the commencement of the lease.

In support of their argument that defendant Penrac had a continuing duty to monitor the lessee's insurance and licensure, plaintiffs cite *Burkholder v. Genway Corporation,* 432 Pa. Super. 36, 637 A.2d 650 (1994). *Burkholder* interprets 75 Pa.C.S. §1574 and discusses the duties imposed upon the lessor at the time of the issuance of the lease agreement. Judge Cirillo, writing for the majority of this three-panel court, held that the lessor is liable for the negligent driving of the lessee if at the time of the issuance of the lease, the lessor "knows or had a reason to know" that the driver was unlicensed. The culpability standard expressed in *Burkholder* interprets a different statute section than that alleged here.

A concurrence filed in *Burkholder* does, however, shed some light on the issue of a "continuing duty" requirement alleged by plaintiff. Judge Ford Elliott, in her concurrence, sets out the general duty of the lessor

and further finds that she agrees with the interpretation that "once the lessor has lawfully passed control of the vehicle to the lessee, the lessor is relieved of liability under the statute." *Id.* at 46, 637 A.2d at 655.

Neither our legislature nor our appellate courts have extended the duty of a lessor to the higher standard alleged by plaintiff, and we decline to do so. Therefore, we enter the following order.

## ORDER

And now, November 21, 1996, defendant Penrac Inc.'s preliminary objections in the nature of a demurrer are sustained and Penrac Inc. is dismissed as a defendant in this action.