## L.S.S. Realty Corporation v. Liberty Mutual Insurance Company

C.P. of Lehigh County, no. 2001-E-0064.

*Kevin C. Reid,* for plaintiff.
*William C. Foster,* for defendant.

REIBMAN, *J.,* January 3, 2002—Plaintiff, L.S.S. Realty Corporation, seeks to enjoin an insurer, defendant Liberty Mutual Insurance Company, from refusing to renew a property insurance policy. Because plaintiff's petition centers on an alleged noncompliance with the insurance laws of the Commonwealth, which are overseen by the Commonwealth's Insurance Department, jurisdiction lies administratively. Therefore, plaintiff's petition for an injunction is dismissed.

Since 1991, defendant has provided, and renewed annually, a property insurance policy to plaintiff. On September 21, 2001, defendant issued plaintiff a notice of non-renewal of that policy, effective December 11, 2001. On December 10, 2001, plaintiff commenced the instant proceeding, requesting a preliminary or special injunction to enjoin defendant from cancelling plaintiff's property insurance policy.[1] A preliminary injunction was entered pursuant to Pa.R.C.P 1531(a) on that date, pending a hearing, which followed on December 18, 2001. At issue now is the decision whether to continue that injunction.

At the outset, the question arises whether the court of common pleas has jurisdiction over claims relating to the non-renewal of commercial insurance policies. Although the higher courts have addressed the issue of exclusive jurisdiction of the insurance commissioner in cases involving claims by private individuals under the Unfair Insurance Practices Act (UIPA), 40 Pa.C.S. §1171.1 et seq. (Purdon's Supp. 2001), the question as to the viability of causes of action resting on violations of the "[n]otice requirements of property and casualty insurers," 40 Pa.C.S. §3401 et seq., has not been specifically addressed, and thus presents a case of first impression.

The Pennsylvania Legislature has empowered the insurance commissioner with discretionary authority to issue regulations, pursue complaints, and to enforce the

---

1. Plaintiff also filed a complaint with the Commonwealth's insurance department. After conducting a review of defendant's notice of non-renewal, the department upheld the defendant's action in a letter, dated December 10, 2001. (Defendant's exhibit no. 2.)

various provisions of the insurance laws of the Commonwealth. 40 Pa.C.S. §41 et seq.; see also, 40 Pa.C.S. §§1171.7, 3408, and 3409. More specifically, under chapter 14 of the Insurance Department Act of 1921,[2] 40 Pa.C.S. §§3403 and 3409, the legislature has set forth rules concerning "[n]otice requirements for midterm cancellations and non-renewals," established penalties, and authorized the commissioner to investigate and impose fines upon insurers in violation of the Act. *Id.* The question remains, however, as to whether private causes of action exist as part of, or in addition to, the regulatory scheme established by the legislature.

In the context of construing claims brought under the guise of the UIPA, the courts of the Commonwealth have been forced to confront whether the jurisdiction of the commissioner is exclusive or, alternatively, whether an insured may bring a private suit in the courts against insurers.[3] In deciding whether a private cause of action for noncompliance under that act might lie, the Supreme Court held that a *judicially created* cause of action under the act was improper. *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company,* 494 Pa. 501, 431 A.2d 966 (1981) (plurality opinion). Believing that the penalties authorized by the Act provided an adequate deterrent to bad faith conduct by insurers, the court re-

---

2. As amended in 1986.

3. The restrictions concerning cancellation and non-renewal in the UIPA, however, relate only to policies "covering owner-occupied private residential properties or personal property of individuals." 40 Pa.C.S. §1171.5(a)(9). Nevertheless, as will be seen below, the reasoning employed in the UIPA cases is illustrative of similar jurisdictional issues concerning the commissioner versus the courts to be confronted in the commercial insurance context.

jected a supplemental, judicially created cause of action for punitive damages and emotional distress as "unnecessary in view of the present legislatively-created regulatory scheme." *Id.* at 508, 431 A.2d at 970. Instead, the court found that when a plaintiff sought redress of alleged violations of the Act, exclusive jurisdiction to enforce the Act rested with the commissioner. *Id.*

As it has been explicated by the Superior Court, however, the *D'Ambrosio* opinion left intact an insured's right to bring a common-law cause of action, *e.g.,* fraud or deceit, or a cause of action under a separate statutory provision specifically conferring such a right, *e.g.,* the Unfair Trade Practices and Consumer Protection Law. *Hardy v. Pennock Insurance Agency Inc.,* 365 Pa. Super. 206, 214, 529 A.2d 471, 478-79 (1987). Distinguishing cases resting upon independent claims, as opposed to those wherein only noncompliance with the Act itself was alleged, the Superior Court reasoned that the argument for exclusive jurisdiction of the commissioner in such cases loses its force. *Id.*

The *Hardy* court relied heavily on the rationale of *Pekular v. Eich,* 355 Pa. Super. 276, 513 A.2d 427 (1986); *Hardy, supra* at 215, 529 A.2d at 478-79. And in deciding whether common-law causes of action survived the passage of the UIPA, the *Pekular* court looked to the Statutory Construction Act of 1972, 1 Pa.C.S. §1929, which states that "[t]he provision in any statute for a penalty . . . for its violation shall not be construed to deprive an injured person of the right to recover . . . damages sustained by reason of the violation." *Pekular, supra* at 282, 513 A.2d at 430. In the UIPA context, the court read this as allowing for the "continued viability

of causes of action cognizable under the common law existing when the UIPA was enacted." *Id.* Thus, the Superior Court drew a critical distinction between judicially created causes of action arising from violations of the Act and those causes which had erstwhile existed at common law. *Id.* at 283, 513 A.2d at 431. The former are precluded by the commissioner's exclusive jurisdiction; the latter are not. *Id.*

The critical inquiry, then, in determining whether a plaintiff may circumvent the administrative process and seek immediate redress in the courts, looks to the nature of the claim alleged. If an insured is pursuing a common-law cause of action, such as fraud or deceit, against an insurer, the claim will lie in the court of common pleas. *Hardy,* 365 Pa. Super. at 215, 529 A.2d at 478-79. Likewise, if an insured states a cause of action that is conferred by a statute other than one which empowers the insurance commissioner to investigate, a private suit in the courts is properly filed. *Id.* If, however, the claim seeks to enforce compliance with regulations or statutes specifically relating to insurance, then sole jurisdiction lies with the insurance commissioner. *D'Ambrosio,* 494 Pa. at 508, 431 A.2d at 970. In the last scenario, an aggrieved insured must follow the normal complaint procedure, as promulgated in the Administrative Code. 1 Pa. Code §35.9 et seq. See *e.g., J.C. Penney Casualty Insurance Co. v. Commonwealth Department of Insurance,* 43 Pa. Commw. 360, 402 A.2d 558 (1979) (Insured, complaining of insurer's noncompliant cancellation of policy, must file complaint with commissioner and follow appellate procedure pertinent thereto, from an administrative hearing to the Commonwealth court.).

Inasmuch as the case law has addressed the survival of common-law causes of action with respect to the UIPA, it has not specifically addressed the situation concerning commercial policies. This, therefore, poses a case of first impression. The analogous application of the rule seems rather straightforward, however, inasmuch as the commissioner is charged with similar duties of enforcement in each section of the overarching Insurance Department Act of 1921. 40 Pa.C.S. §1 et seq. Moreover, accepted doctrines of statutory construction, *e.g.,* in pari materia, further compel similar treatment of constituent parts of a comprehensive legislative and regulatory scheme. 1 Pa.C.S. §1932; *Muntz v. PennDOT,* 674 A.2d 328, 331 (Pa. Commw. 1996).

As is true with respect to cancellations and non-renewals for individuals under the UIPA, wherein the insurance commissioner is authorized to ensure compliance with the Act, the commissioner is similarly empowered to enforce "[n]otice requirements for midterm cancellations and non-renewals" by property and casualty insurers under the 1986 amendment to the Insurance Department Act of 1921. 40 Pa.C.S. §§3403 and 3408. Given the parallel role of the commissioner in the commercial context, as compared to his role in enforcing compliance for non-renewals of individual policies under the UIPA, it makes perfect sense to construe the exclusivity of jurisdiction, vel non, in the same fashion as the higher courts have done with respect to the UIPA. Thus, the rule follows that in the situation wherein an insured alleges activities by the insurer that constitute violations of the Act (*e.g.,* failure to comply with non-renewal provisions of section 3407), it is improper to

*judicially create* private causes of action under the Act. On the other hand, given the fact that the commissioner's jurisdiction is not exclusive in cases involving causes of action arising independently of the insurance laws, common-law suits, involving claims such as fraud and deceit, are not precluded.

Turning to the present case, the gravamen of plaintiff's complaint is that defendant has not complied with the notice requirements of section 3407 of the Insurance Department Act of 1921, as amended in 1986.[4] More precisely, plaintiff, as an insured, alleges that defendant's notice of non-renewal was "deficient" in failing to state the specific reasons for the non-renewal in violation of section 3403(a)(5). In the case of either straightforward noncompliance with the Act or even a more generalized bad faith claim, however, the teachings of the Superior Court and their parallel application to the commercial, or non-UIPA, context suggest that the insurance commissioner's jurisdiction is exclusive with respect to charges of noncompliance with the insurance laws. While a common-law claim would survive, here plaintiff has alleged no separate common-law cause of action that would preserve jurisdiction of the court of common pleas to hear an insured's complaint against an insurance com-

---

4. Arguably, lurking behind the specific averments is a more generalized claim of bad faith on behalf of defendant. No opinion, of course, is rendered upon the merit of such a claim. It is noted, however, that the higher courts have also instructed in the UIPA arena that such claims likewise remain within the exclusive jurisdiction of the commissioner. *Kramer v. State Farm Fire and Casualty Insurance Co.,* 412 Pa. Super. 227, 603 A.2d 192 (1992). Accordingly, applying the parallel approach outlined above, it would seem that such a claim would be precluded in the commercial context as well.

pany in the first instance. Therefore, plaintiff must be content to seek redress through a complaint filed with the Department of Insurance and, if dissatisfied, seek review in the Commonwealth court, pursuant to the procedures promulgated in the Pennsylvania Administrative Code.

In light of the foregoing, plaintiff's motion for a permanent injunction must be denied and the preliminary injunction dissolved.

## ORDER

And now, January 3, 2002, upon consideration of the plaintiff's petition for preliminary or special injunction filed on December 10, 2001, and defendant's memorandum of law, and after a hearing thereon on December 18, 2001, and for the reasons set forth in the accompanying opinion, it is ordered that the preliminary injunction ordered on December 10, 2001, is dissolved, effective 5 p.m., Eastern Standard Time, Monday, January 7, 2002.