566 A.2d 622

**Gardenia GREEN, as parent and natural guardian of Lawrence Green, a minor and Gardenia Green, on her own behalf,**

v.

**K & K INSURANCE COMPANY, Travelers Insurance Company.**

**Appeal of K & K INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Aug. 22, 1989.

Filed Nov. 27, 1989.

L. Rostaing Tharaud, Philadelphia, for appellant.

Jeffrey M. Seiken, Feasterville, for Green appellees.

Thomas Patrick Kelly, Philadelphia, for Travelers Ins., appellee.

Before CIRILLO, President Judge, and KELLY and CERCONE, JJ.

CERCONE, Judge:

Appellant, K & K Insurance Company, appeals from the summary judgment entered against it by the lower court. We affirm.

The underlying facts of this case, as determined by the lower court, are as follows. The minor plaintiff, Lawrence Green, was riding his bicycle on the sidewalk when he was allegedly struck by a motorcycle owned and operated by Alvin H. Butler. At the time of the accident, Mr. Butler was insured by appellant and the minor plaintiff did not reside in a household that owned an automobile and therefore did not have any insurance coverage.

Plaintiffs initiated this action stating a claim for medical expenses against either appellant as insurer of Mr. Butler's motorcycle or against appellee, Travelers Insurance Company, as insurer of the Assigned Claims Plan. Appellant moved for judgment on the pleadings while Travelers moved for summary judgment. Appellant's motion was denied while Travelers' motion for summary judgment was granted. Appellant filed this timely appeal. The sole issue for our review is whether the lower court erred in interpreting the Motor Vehicle Financial Responsibility Law (hereinafter referred to as "MVFRL") to require insurers of motorcycles to provide first party benefits to eligible but uninsured pedestrians injured in an accident. We affirm.

We note initially that when reviewing an entry of summary judgment, an appellate court may disturb the order of the trial court only where there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank*, 379

Pa.Super. 313, 549 A.2d 1311 (1988). To uphold a summary judgment, there must not only be an absence of genuine factual issues, but also an entitlement to judgment as a matter of law. *French v. United Parcel Service,* 377 Pa.Super. 366, 547 A.2d 411 (1988). The trial court must examine the record in a light most favorable to the non-moving party and accept as true all well-pleaded facts in the non-moving party's pleadings. *Boyd v. Albert Einstein Medical Center,* 377 Pa.Super. 609, 614, 547 A.2d 1229, 1231 (1988).

The facts in the instant case are not in dispute. The dispute between the parties involves whether or not the lower court correctly applied the facts to the law as set forth in the MVFRL. Appellant argues that since insurers of motorcycles are expressly exempted from insurance requirements of other registered motor vehicles under §§ 1711 and 1712 of the MVFRL,[1] they are not required to provide first party benefits to the uninsured pedestrian injured in this accident. We disagree.

It is true that § 1711 of the MVFRL provides:

> An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, except ... motorcycles ... shall include coverage providing....

Pursuant to this section, insurers of motorcycles are not required to provide the first party benefits that insurers of other motor vehicles must provide. Similarly, § 1712 states:

> An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, except ... motorcycles ... shall make available for purchase first party benefits with respect to injury arising out of the maintenance or use of a motor vehicle as follows: ....

Again, insurers of motorcycles are exempt from providing coverage. Specifically, they need not make available for

1. 75 Pa.C.S.A. § 1711.

purchase first party benefits pursuant to this section. Further, an operator or passenger of a motorcycle cannot recover first party benefits. 75 Pa.C.S.A. § 1714. Reading all of these provisions together, it is clear that the legislature intended to exclude operators and passengers of motorcycles from being able to recover first party benefits.

However, § 1713 of the MVFRL sets forth a priority system to determine the source of first party benefits as follows:

(a) *General rule.*—Except as provided in § 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident....

Thus, the boy in the instant case, who suffered injury as a result of being hit by a motorcycle and was not a passenger of the motorcycle, must receive first party benefits from the policy on the motorcycle. We reach this conclusion because (1) the motorcycle was the only motor vehicle involved in the accident; (2) as stated above, the boy did not reside in a household that owned an automobile and therefore did not have any insurance coverage; and (3) the statutory language that excludes an insurer from being required to provide operators and passengers of motorcycles with first party benefits does not extend to third parties.

Our supreme court in *Singer v. Sheppard,* 464 Pa. 387, 346 A.2d 897 (1975) analyzed a similar situation under the now repealed Pennsylvania No–Fault Motor Vehicle Insurance Act, (hereinafter referred to as the "No–Fault" Act) 40 P.S. § 1009.101, prior to the enactment of the MVFRL. In the *Singer* case, our supreme court noted that a motorcycle was a motor vehicle within the scope of the No–Fault Act such that basic loss benefits were available to a victim of a

motorcycle accident other than the operator or passenger of the motorcycle. As under the MVFRL, operators and passengers of motorcycles were not covered because of the specific exclusion in § 103 of the No–Fault Act. *Compare* 40 P.S. § 1009.103 *with* 75 Pa.C.S.A. § 1714. The *Singer* court explained that it was reasonable to exclude operators or passengers of motorcycles because there was a greater risk of injury to an operator or passenger of a motorcycle and this risk would result in increased No–Fault insurance premiums if such persons were not excluded. However, the court in *Singer* held that the insurer of the motorcycle was responsible for providing basic loss benefits to third parties.

The enactment of the MVFRL does not alter this rationale. Operators and passengers of motorcycles continue to be excluded from basic loss benefits. 75 Pa.C.S.A. § 1714. It remains reasonable to exclude them because there is a greater risk of injury to an operator or passenger of a motorcycle and this risk would still result in increased insurance premiums if such persons were not excluded. However, the rationale for excluding operators and passengers of motorcycles is not applicable to a pedestrian such as the injured boy in the case *sub judice*. We will not allow the appellant in the instant case to shift the responsibility of paying first party benefits to Travelers. Thus, although the decision in *Singer* was reached before the MVFRL was enacted and under the now repealed No–Fault Act, there is nothing in the MVFRL which affects the result reached by the *Singer* court. We therefore reject appellant's argument and find no error in the lower court's decision.

Order affirmed.

CIRILLO, President Judge, files a concurring opinion.

CIRILLO, President Judge, concurring.

I concur in the result reached by the majority. I write separately to emphasize how the majority's conclusion is mandated by the relevant sections of the Motor Vehicle

Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1701 *et seq.*

Section 1711 of the MVFRL concerns required benefits and states in part:

> An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, *except ... motorcycles ...* shall include coverage providing a medical benefit in the amount of $10,000, and income loss benefit up to a monthly maximum of $1,000 up to a maximum benefit of $5,000 and a funeral benefit in the amount of $1,500 ... with respect to injury arising out of the maintenance or use of a motor vehicle....

75 Pa.C.S. § 1711 (emphasis added). This section clearly provides that insurers issuing policies covering motorcycles are not required to include in those policies the coverage discussed in section 1711.

Similar in its treatment of motorcycles is section 1712 of the MVFRL, which discusses the availability of benefits and provides in part:

> An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, *except ... motorcycles ...* shall make available for purchase first party benefits with respect to injury arising out of the maintenance or use of a motor vehicle as follows: ...

75 Pa.C.S. § 1712 (emphasis added). This section does not require insurers issuing policies covering motorcycles to make first party benefits available for purchase.[1] Clearly, sections 1711 and 1712 evince a legislative intent to distinguish motorcycles from other motor vehicles for insurance purposes. However, the above sections must be read in conjunction with sections 1713 and 1714.

Section 1714 of the MVFRL concerns ineligible claimants and states:

---

1. First party benefits are medical benefits, income loss benefits, accidental death benefits and funeral benefits. 75 Pa.C.S. § 1702.

An owner of a currently registered motor vehicle who does not have financial responsibility or an *operator or occupant* of a ... *motorcycle,* ... or like type vehicle required to be registered under this title cannot recover first party benefits.

75 Pa.C.S. § 1714 (emphasis added).

Pursuant to this section, an operator or occupant of a motorcycle cannot recover first party benefits.[2] The plaintiff in this matter was not an operator or an occupant of a motorcycle when he sustained his injuries. Therefore, the plaintiff was not an ineligible claimant under section 1714 and may recover first party benefits in accordance with section 1713 which discusses a priority system for the source of benefits. The relevant portions of section 1713 provide:

(a) *General Rule.*—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

.  .  .  .  .

(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident....

75 Pa.C.S. § 1713(a)(4).

Since the plaintiff was not an ineligible claimant under section 1714, and since his injuries arose out of the use of a motor vehicle, he may recover first party benefits against the applicable insurance coverage. Here, the plaintiff was not an occupant of a motor vehicle, therefore, he will recover from the policy on the motor vehicle involved in the accident. 75 Pa.C.S. § 1713(a)(4).

Unlike sections 1711 and 1712, section 1713 does not exempt motorcycles from its provisions. It seems logical that by not specifically excluding motorcycles, as in sections

---

**2.** It is clear that the minor plaintiff in the instant case was not an owner of a currently registered motor vehicle who does not have financial responsibility.

1711 and 1712, the legislature intended to include them. Further, the terms "motorcycle" and "motor vehicle" are not defined in the MVFRL, however, section 1991 of the Pennsylvania Rules of Statutory Construction provides that, unless otherwise indicated, terms shall have the meanings ascribed to them in this section. 1 Pa.C.S. § 1991. Motor vehicle is defined as: "[a]ny self-propelled device in, upon or by which any person or property is or may be transported or drawn upon a public highway ..." 1 Pa.C.S. § 1991. Accordingly, a motorcycle falls within the above definition of a motor vehicle and would therefore be subject to the provisions of section 1713.

Consequently, only occupants and operators of motorcycles, and the other vehicles designated in section 1714, are ineligible to claim first party benefits. A party not mentioned in section 1714, such as the plaintiff in the instant case, is an eligible claimant and may recover first party benefits from the appellant pursuant to section 1713(a)(4).