Stephen GALLO and Heidi Gallo, Husband and Wife and as Parents and Natural Guardians of Ryan Matthew Gallo, Appellants,

v.

NATIONWIDE INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 28, 2001.

Filed Feb. 5, 2002.

fective for failing to request further instructions or move for a mistrial.

Kevin J. Rozich, Johnstown, for appellants.

Jeffrey C. Catanzarite, Pittsburgh, for appellee.

Before ORIE MELVIN, LALLY–GREEN and BROSKY, JJ.

BROSKY, J.

¶ 1 Stephen Gallo and Heidi Gallo, husband and wife and as parents of Ryan Matthew Gallo, (hereinafter collectively referred to as the "Appellants") appeal from an Order entered on April 27, 2001 sustaining preliminary objections filed by the Nationwide Insurance Company (hereinafter referred to as the "Appellee"). For the following reasons, we affirm.

¶ 2 The trial court summarized the procedural history and the facts of this case as follows:

> Ryan Gallo, [the] minor [Appellant], sustained injuries on January 12, 1997 when the snowmobile on which he was a passenger was struck by a car driven by John D. Capatch, Jr. while the snowmobile was crossing a highway. The minor suffered serious injuries that required several surgeries and an extended recovery period. At the time of the accident, the minor's parents (Gallos) had automobile insurance through Nationwide Insurance Company (Nationwide) covering, *inter alia,* $100,000 in first party med[ical] benefits in accordance with the requirements of the Motor Vehicle Financial Responsibility Law (MVFRL).

75 Pa.C.S.A. §§ 1701–1799.7 (West 2000). The Gallos[, Appellants,] incurred $76,000 in medical expenses related to their son's injuries and sought recovery from Nationwide under their policy. Nationwide has refused to pay any medical bills indicating that exclusion three in the policy excludes payment for injuries sustained while occupying a snowmobile.

The [Appellants] filed this action seeking to recover from Nationwide the medical expenses they have incurred. Nationwide filed Preliminary Objections in the form of demurer and oral argument was heard [on] April 27, 2001. At that time, Nationwide argued that section 1714 of the MVFRL barred the Gallos from recovering first party [medical] benefits under the facts of this case. By Order dated April 27, 2001, the [trial court] granted Nationwide's Preliminary Objections and dismissed the Complaint. On May 16, 2001, the [Appellants] filed a Motion for Reconsideration. [The said motion was denied and this appeal followed.]

Trial Court Opinion, 5/24/01, at 1–2.

¶ 3 On appeal, Appellants raise the following issue:

Whether the Trial Court erred in dismissing [Appellants'] Complaint based on [Appellee's] Preliminary Objections and in finding that [Appellants'] insurance policy and Pennsylvania Law barred [Appellants'] right to first party medical benefits when minor-[Appellant] sustained injuries as a passenger on a snowmobile and he was struck on a roadway by a car?

Appellants' Brief at 4.

¶ 4 When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer and dismissing a suit, our scope of review is plenary. *See Donahue v. Federal Express Corp.*, 753 A.2d 238, 241 (Pa.Super.2000).

When reviewing an order granting preliminary objections in the nature of a demurrer, an appellate court applies the same standard employed by the trial court: [A]ll material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Juban v. Schermer*, 751 A.2d 1190, 1192 (Pa.Super.2000).

¶ 5 Where affirmance of the trial court's order sustaining preliminary objections would result in the dismissal of an action, we may do so only when the case "is clear and free from doubt." *Donahue*, 753 A.2d at 241. "To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections." *Id.* We review the trial court's decision for an abuse of discretion or an error of law. *See Ellenbogen v. P.N.C. Bank, N.A.*, 731 A.2d 175, 181 (Pa.Super.1999).

¶ 6 The trial court held that Appellants' claims for first party medical benefits are excluded under both the terms and conditions of the Nationwide automobile insurance policy and the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 *et seq.* For the following reasons, we agree.

¶ 7 Under the Nationwide insurance policy, there are certain first party benefits coverage exclusions; specifically, Coverage Exclusion No. 3 reads, "There is no coverage for anyone while occupying a motorcycle, motor-driven cycle, motorized pedalcycle, or similar type vehicles or a recreational vehicle not intended for highway use." *See* Nationwide's Century II

Auto Policy, at 12. Under Pennsylvania statutory law, a snowmobile falls in the category of "a recreational vehicle not intended for highway use." *See* 75 Pa. C.S.A. § 7721. Section 7721 of the Snowmobile and All–Terrain Vehicle Law ("SATVL")[1] clearly states that a snowmobile is a "vehicle not intended for highway use." Section 7721 reads as follows:

**§ 7721. Operation on streets and highways**

(a) General rule.—Except as otherwise provided in this chapter, *it is unlawful to operate a snowmobile or an ATV on any street or highway* which is not designated and posted as a snowmobile or an ATV road by the governmental agency having jurisdiction.

75 Pa.C.S.A. § 7721(a). (Emphasis added.)

Hence, under the terms of the Nationwide automobile insurance policy, Appellants are **not** entitled to coverage for injuries sustained by minor-Appellant while riding on a snowmobile.

¶ 8 In the statement of question involved, Appellants also put forth the argument that the trial court erred when it ruled that the Pa.MVRFL barred Appellants' right to first party benefits under the facts of this case. Section 1714 of the Pa.MVRFL states that first party benefits are not available for injuries sustained while operating or riding on a "recreational vehicle not intended for highway use." *See* 75 Pa.C.S.A. § 1714. This section reads as follows:

**§ 1714. Ineligible claimants**

An owner of a currently registered motor vehicle who does not have financial responsibility or *an operator or occupant of a recreational vehicle not intended for highway use,* motorcycle, motor-driven cycle, motorized pedalcycle or *like type vehicle required to be registered under this title cannot recover first party benefits.*

75 Pa.C.S.A. § 1714. (Emphasis added.)

¶ 9 As previously stated, a snowmobile falls in the category of a recreational vehicle not intended for highway use. *See* 75 Pa.C.S.A. § 7721(a). One of the exceptions to the general rule is that a snowmobile may "make a direct crossing of a street or highway" upon meeting certain requirements. *See* 75 Pa.C.S.A. § 7721(c). Instantly, the minor-Appellant was an occupant of a snowmobile which was crossing a highway when it was struck by a motor vehicle. However, section 7725(a) states that "[n]o person under 16 years of age shall drive a snowmobile...across any highway...." *See* 75 Pa.C.S.A. § 7725(a). At the time of the accident the minor-Appellant was 12 years old and the operator of the snowmobile was only 13 years old. Hence, the crossing street or highway exception to the general rule found in § 7721(c) is inapplicable. The second exception to the rule states that a snowmobile may be used on a highway if such a roadway has been designated as a snowmobile road by the local governmental authority. *See* 75 Pa.C.S.A. § 7721(a). However, there is no evidence in the record to indicate that the roadway on which the accident occurred was designated as a snowmobile road.

¶ 10 Section 1714ES of the Pa.MVRFL also states that first party benefits are not available for injuries sustained while operating or riding on a recreational "like type vehicle required to be registered under this title cannot recover first party benefits." *See* 75 Pa.C.S.A. § 1714. Here, a snowmobile also falls in the category of "[a] like type vehicle required to be registered" under Title 75. Section 7713 of the

---

1. Chapter 77 of Title 75 is known and may be cited as the "Snowmobile and All–Terrain Vehicle Law." 1976, June 17, P.L. 162, No. 81, § 1, effective July 1, 1977.

SATVL clearly states that it is unlawful to operate a snowmobile before registering it. Section 7713 reads as follows: [2]

> § 7713. Certificate of registration and decals
>
> (a) General rule.—Except as otherwise provided in this chapter, it is *unlawful to operate a snowmobile or an ATV unless a certificate of registration has been issued* therefor and unless there is displayed thereon the permanent or temporary registration decal.

75 Pa.C.S.A. § 7713(a). (Emphasis added.)

¶ 11 Hence, sections 7721(a) and 7713(a) unambiguously establish that a snowmobile is both a "recreational vehicle not intended for highway use" and a "like type vehicle required to be registered" under Title 75 as described in section 1714 of the Pa. MVRFL. Therefore, the recoverability of medical expenses sustained by the minor-Appellant while riding on a snowmobile from an insurer falls within the purview of section 1714. Accordingly, the clear language of section 1714 of the Pa.MVRFL bars Appellants from recovering first party medical benefits for physical injuries sustained by the minor-Appellant while riding on a snowmobile on a highway: ". . .an operator or occupant of a recreational vehicle not intended for highway use. . .like type vehicle required to be registered under this title **cannot recover first party benefits.**" 75 Pa.C.S.A. § 1714 (emphasis added).

¶ 12 Appellants rely on a number of cases decided under the No–Fault Act, 40 P.S. § 1009.101 *et seq.*, for the proposition courts have found exclusionary language similar to that here to be inapplicable whenever the injury is sustained because of a collision with a motor vehicle. *See Phillips v. Nationwide Ins. Co.*, 348 Pa.Super. 351, 502 A.2d 244 (1985); *see also Pistorius v. Travelers Ins. Co.*, 348 Pa.Super. 527, 502 A.2d 670 (1985). However, Appellants' reliance on the above cases is misplaced due to the fact that the No–Fault Act has been repealed and replaced by the Pa.MVFRL, 75 Pa.C.S.A. § 1701 *et seq.*

¶ 13 As clearly delineated in section 1714 of the Pa.MVFRL, the Pennsylvania legislature deliberately chose to exclude a certain class of people from recovering first party benefits. When reading all the pertinent sections of the Pa.MVRFL and SATVL together, it is clear that the legislature intended to exclude operators and occupants of a snowmobile from being able to recover first party benefits when drafting section 1714. *See* 75 Pa.C.S.A. §§ 1714, 7721(a), & 7713(a). We come to this conclusion because it is abundantly clear that a snowmobile falls in both categories of (1) "a recreational vehicle not intended for highway use" and (2) "[a recreational] like type vehicle required to be registered" under Title 75. As such, the minor-Appellant, who was an occupant of a snowmobile, is a member of the class of people who the legislature intended to exclude from being able to recover first party benefits.

¶ 14 This interpretation of the law is supported by our holding in *Green v. K & K Ins. Co.*, 389 Pa.Super. 73, 566 A.2d 622 (1989). In *Green*, this Court held that under section 1714 of the Pa.MVRFL an operator or passenger of a motorcycle cannot recover first party benefits. *Id.* at

---

2. This lawsuit arose out of a snowmobile accident that occurred on January 12, 1997. The complaint was filed with the Court of Common Pleas of Cambria County on October 4, 2000 and the court order dismissing the suit was entered on April 27, 2001. Hence, de- spite the fact that Section 7713 of the SATVL was repealed on June 25, 2001, it was the applicable law during the disposition of this case. *See* § 7713. Repealed. 2001, June 25, P.L. 701, No. 68, § 8, effective in 120 days.

623–624. Here, the minor-Appellant was a passenger of a snowmobile, which is a recreational vehicle as described in section 1714. Therefore, like an operator or passenger of a motorcycle—a vehicle also enumerated in section 1714—a passenger of a snowmobile **cannot** recover first party benefits.

¶ 15 Our holding finds further support when one examines the legislative intent behind repealing the No–Fault Act and enacting the Pa.MVRFL. Cost reduction was one of the major goals of the legislature in enacting the Pa.MVFRL. *See All-wein v. Donegal Mutual Ins. Co.,* 448 Pa.Super. 364, 671 A.2d 744 (1996); *see also Paylor v. Hartford Ins. Co.,* 536 Pa. 583, 640 A.2d 1234 (1994).[3] In such an attempt, the legislature excluded a certain class of people, *i.e.,* operators and passengers of recreational vehicles, motorcycles, etc., because there is a greater risk of injury to an operator or passenger of such a vehicle and this risk would result in increased insurance premiums for everyone if such a class of individuals was not excluded from being able to recover first party benefits. *Green,* 566 A.2d at 624.

¶ 16 Accordingly, we find that both the terms and conditions of the Nationwide insurance policy and the Pa.MVRFL bar Appellants' right to recover first party medical benefits.

¶ 17 Order affirmed.

---

**3.** Our Supreme Court stated, "The repeal of the No–Fault Act and the enactment of the [Pa.]MVFRL reflected a legislative concern for the spiraling consumer cost of automobile insurance...The legislative concern for the increasing cost of insurance is the public policy that is to be advanced by statutory interpretation of the [Pa.]MVFRL." *Paylor,* 640 A.2d at 1235.