520 A.2d 1388

WORLD OF TIRES, INC., and Perma Tread Corporation

v.

AMERICAN INSURANCE COMPANY, a Fireman's
Fund Insurance Company.

Appeal of PERMA TREAD CORPORATION.

Superior Court of Pennsylvania.

Argued Oct. 1, 1986.

Filed Feb. 9, 1987.

Paul D. Shafer, Jr., Meadville, for appellant.

Louis C. Long, Pittsburgh, for appellee.

Before WICKERSHAM, ROWLEY and TAMILIA, JJ.

TAMILIA, Judge:

In October of 1980, appellant/Perma Tread sold the physical assets of its tire copying plant to World of Tires and to secure the transaction, Perma Tread held a note and chattel mortgage on the equipment. Prior to the sale, in June of 1980, Perma Tread had obtained insurance on the plant from appellee/American Insurance Company (hereinafter American) to be effective for three years beginning June 30, 1980. On November 17, 1980, an endorsement was issued to the policy changing the named insured to World of Tires with an effective date of October 16, 1980. A subsequent endorsement issued January 13, 1981 provided for an increase in personal property coverage of $50,000 raising the limits to $250,000 effective December 23, 1980. A further endorsement dated January 23, 1981 listed Perma Tread as an additional insured, effective December 23, 1980.

On December 26, 1980, a fire destroyed the plant. A proof-of-loss statement dated April 11, 1981 was submitted by World of Tires and on the Release and Authorization section of this form, Russell Klasen, the secretary/treasurer of Perma Tread, signed on behalf of Perma Tread.

An investigation was conducted by appellee/American and when the parties where unable to reach a settlement, World of Tires filed a writ of summons against American on December 23, 1981. The writ was reissued in April of 1982 and a complaint filed May 14, 1982. In its answer and new matter filed May 27, 1982, American raised the issue of concealment and fraud, alleging that all of the items claimed by World of Tires to be on the premises and

destroyed by fire were in fact not present or destroyed in the fire.

On July 7, 1983, appellant/Perma Tread filed a petition along with Russell Klasen and Victor Leap, the principal officers of the corporation, seeking to intervene, in which they claimed Perma Tread to be a named loss mortgagee on the policy of insurance issued by appellee, and seeking recovery of the insurance proceeds. In the petition, they also set forth a term of the union mortgage clause of the policy, to the effect that the policy "shall not be invalidated by any act or neglect of the mortgagor...."

American opposed this petition by way of answer and new matter in which it denied that Perma Tread was a named loss mortgagee and asserted that their status was that of an additional insured and, therefore, the mortgagee clause did not apply. In addition, application of the mortgagee clause was denied on the basis that the clause is applicable to buildings only. Under new matter it was alleged first that the individuals have no standing because they were not named as insureds in the policy and second, the limitation of suits clause barred any action since it was not commenced within one year after inception of the loss.

The court granted the petition to intervene as to Perma Tread and denied the petition of the individuals. In the memorandum accompanying the Order, the court held that the contractual limitation issue was not ripe for determination.

On August 18, 1983, Perma Tread filed a complaint claiming that it was a mortgagee under the contract of insurance and entitled to the proceeds. In its answer and new matter, American denied that Perma Tread was a mortgagee, alleged that no proof of loss was filed by Perma Tread as required by the contract and raised the contractual limitations period as a defense.

Motions and cross-motions for summary judgment were filed and the court, by Order entered June 26, 1984, granted World of Tires' motion and denied American's motion on the

issue of contractual limitations ruling that World of Tires was not barred from the action by the limitation.

American's motion on the contractual limitation as to Perma Tread was denied without prejudice to American's right to raise the issue in a motion for nonsuit or directed verdict. At the close of evidence, the court directed a verdict in favor of American and against Perma Tread on the defense of the contractual limitation of action. The claim as between World of Tires and American went to the jury with a verdict returned in favor of American.

Perma Tread has appealed from the directed verdict arguing a variety of reasons why they should be deemed a loss mortgagee and the contractual limitations period not be enforced. They also maintain the court erred in excluding certain exhibits. The status of appellant as mortgagee was never specifically decided by the court. It is apparent however, that it based its ruling on the law as it would apply to one holding such a status. Because we affirm the finding of the lower court and the status attributed to appellant is favorable to its position, which was that of a named loss mortgagee, we find no need to further discuss this question.

Perma Tread, assuming the status of mortgagee, asserts initially that the court erred when it refused to find the contractual limitation period should not apply. It points to the section of the policy, specifically referring to mortgagees, which provides:

**Mortgagee interests and obligations.** If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten day's written notice of cancellation.

If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit.

Pennsylvania Standard form fire Insurance Policy, p. 1, lines 68–78.

Appellant maintains that the filing of a fraudulent proof of loss by World of Tires should be considered a failure to render proof of loss and the contract limitation clause should not begin to run until notice is provided. It also argued that the contract limitation should be tolled between the time the insured gives notice of loss and the time the insurer formerly denies coverage.

■ We do not think a proper application of Pennsylvania law supports appellant's argument. Our courts have consistently held that the standard mortgage clause, at issue in this case, creates a separate, distinct and independent contract of insurance in favor of the mortgagee. *Satchell v. Insurance Placement Facility of Pennsylvania*, 241 Pa. Super. 287, 361 A.2d 375 (1976); *Guarantee Trust and Safe Deposit Co. v. Home Mutual Fire Insurance Co.*, 180 Pa.Super. 1, 117 A.2d 824 (1955). The limitations clause in the insurance contract has also been deemed equally applicable to both parties. *Satchell, supra; Guarantee Trust, supra.*

The limitations clause provides;

**Suit.** No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

Policy, p. 2, lines 157–161.

■ Appellant would have us construe the mortgagee clause as overriding the clear language of the limitation clause. We think the more appropriate reading merely gives the mortgagee sixty days from the time of notice of the insureds failure to file proof of loss to file the required proof of loss. Thereafter, the clause continues application of the terms of the contract as to time of bringing suit and does not extend it in any manner.

The inception of loss language in the limitations clause was discussed in *General State Authority v. Planet Insurance Co.*, 464 Pa. 162, 346 A.2d 265 (1975) wherein a party to the insurance contract claimed the twelve month time limitation should be computed from the date it became aware of the loss. The court in rejecting this argument adopted the reasoning of the Seventh Circuit Court of Appeals in *Sager Glove Corporation v. Aetna Insurance Company*, 317 F.2d 439 (7th Cir.1963) which stated: "inception of loss": "has nothing to do with the state of mind of the insured. It deals with an objective fact ... The loss occurs and has its 'inception' whether or not the insured knows of it." *General State Authority, supra*, 464 Pa. at 167–68, 346 A.2d at 268.

■ Appellant next contends the date of filing of the mortgagees action should relate back to the date of filing of the complaint by the insured. We reject this argument in light of the separate contract theory set forth above. As stated in *Satchell, supra*, "[e]ither the owners or the mortgagee could have brought suit to recover for the loss occasioned by the fire. However, in bringing any action on the policy for indemnification of loss, both the owners and the mortgagees were bound by the express contractual limitation contained therein which requires that any suit or action on the policy must be commenced within twelve months next after the fire." *Id.*, 241 Pa.Superior Ct. at 297, 361 A.2d at 380, citing *Guarantee Trust, supra*, 180 Pa.Superior Ct. at 5, 117 A.2d at 826.

Perma Tread had a separate right to bring an action on the insurance contract and this was controlled by the limitations clause in the contract. Appellant's right existed irrespective of World of Tires' actions and there is no basis to tack on the time of filing of World of Tires' complaint to the subsequent filing by appellant.

Appellant finally maintains that American should not be able to invoke the limitations clause absent a showing of prejudice. In addition it is argued that American's actions

constituted a waiver of the limitation period. We do not agree.

■ In support of its assertion that prejudice is a requirement to invoke the limitation clause, appellant cites to *Brakeman v. Potamac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977) where the court adopted a requirement that prejudice be shown before a notice provision was enforced. However, the application of the prejudice requirement to limitation of suit provisions was specifically rejected in *Schreiber v. Pa. Lumberman's Mutual Insurance Co.*, 498 Pa. 21, 444 A.2d 647 (1982). The court, in *Schreiber*, noted that the limitation of suit provision was legislatively mandated (40 P.S. § 636) and could "hardly be called a 'contract of adhesion' imposed unfairly by the stronger party on the weaker." *Id.*, 498 Pa. at 24, 444 A.2d at 649. Thus the basis for the prejudice requirement in *Brakeman* was not present when a statutorily mandated limitation clause was at issue.

■ Although appellant is correct that a limitation of suit provision will not bar a delayed suit if the actions of the insurer leads the insured to believe the provision will not be enforced, *Schreiber, supra; General Authority, supra;* we do not find this to be such a case. Appellant alleges that American's offer of settlement made to World of Tires in August of 1981 led it to believe coverage would be provided. Thus appellant claims it was induced to delay entry into the lawsuit. The lower court found otherwise when it was confronted with the contractual limitation question three different times. First, on the petition to intervene and second, on motion for summary judgment when the court refused to enter judgment summarily but rather gave appellant "every opportunity to establish any evidence which would constitute an estoppel or waiver of the defense." (Slip Op. 4/29/86, p. 2). It was only after the court received evidence that it went on to hold that a directed verdict was appropriate because "there was not a scintilla of evidence that the defendant had done anything to mislead the intervening plaintiff or lull them into any

false sense of security that would constitute a waiver of the limitation of actions provision of the policy." (Slip Op. at 2). In doing so, the court relied on the law established in *Miners Savings Bank of Pittston v. Merchants Fire Insurance Co.*, 131 Pa.Super. 21, 198 A. 495 (1938) and *Satchell, supra,* holding that, absent evidence which would constitute a waiver by American, the contractual limitation period would apply.

■ In an appeal from a directed verdict, we must view the evidence and all reasonable inferences in a light most favorable to appellant. If the jury could have reasonably imposed liability on appellee based on that evidence, the decision to direct a verdict was in error. *East Texas Motor Freight, Diamond Division v. Lloyd,* 335 Pa.Super. 464, 484 A.2d 797 (1984); *Litwinko v. Gray,* 267 Pa.Super. 541, 407 A.2d 42 (1979).

■ In the present case we agree with the lower court that no evidence was provided which would indicate any action on appellees part that would lead appellant to conclude the limitations period would be waived. The only evidence to which appellant points is correspondence between World of Tires and American. There was no evidence presented of any conduct by appellee in its dealings with appellant which could constitute a waiver and the court properly directed a verdict in favor of appellee.

■ Appellant also challenges the refusal of the court to admit into evidence two exhibits. One was the letter from American's counsel to John Pepicelli containing an offer of settlement of World of Tires' claim. The second was a damage report given by an appraisal company to appellee. "The admission or exclusion of evidence is within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion." *McCrery v. Scioli,* 336 Pa.Super. 455, 461, 485 A.2d 1170, 1173 (1984); *Feld v. Merriam,* 314 Pa.Super. 414, 461 A.2d 225 (1983). The court concluded the exhibits constituted inadmissible hearsay, and were irrelevant to the issue of fraud. Finally the letter was

viewed as an offer of compromise which provided a further basis of exclusion. Under the above stated standard of review, we find no basis to reverse the decision of the trial court.

Finding no merit to appellant's claims the judgment is affirmed.

Judgment affirmed.

ROWLEY, J., files a dissenting statement.

ROWLEY, Judge, dissenting:

I respectfully dissent. I would hold that appellant, as an intervenor in this timely filed action, was not barred by the one-year contractual limitation on the initiation of suit. Appellant's claim was for the loss of the same property, in the same fire, as was the claim of World of Tires, Inc. American's defense to the merits of the identical claims was the same. Therefore, I would reverse and remand for a new trial as to Perma Tread Corporation.