603 A.2d 1064

Richard P. FENNELL and Frances
Fennell, His Wife, Appellants,

v.

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY and Thomas Rossman.

Superior Court of Pennsylvania.

Argued Dec. 12, 1991.

Filed Feb. 28, 1992.

Darrell L. Kadunce, Butler, for appellants.

Michale J. Kearney, Jr., Pittsburgh, for appellees.

Before ROWLEY, President Judge, and KELLY and CERCONE, JJ.

CERCONE, Judge:

Richard P. and Frances Fennell, appellants, appeal the order of the Court of Common Pleas of Butler County which granted a motion for summary judgment in favor of appellees, Nationwide Mutual Fire Insurance Company (Nationwide) and Thomas Rossman. We affirm.

The basic facts of this case are not in dispute. On March 5, 1985, appellants purchased from Nationwide a fire and other hazards insurance coverage package known as the "Elite II Home Owner's Policy." Thomas Rossman, Nationwide's agent, recommended the package to appellants. The policy provided the following insurance coverage for loss of appellant's property: (1) up to one hundred eleven thousand, three hundred dollars ($111,300) for their home; (2) up to eleven thousand, one hundred thirty dollars ($11,130) for other structures on the property; (3) up to seventy-seven thousand, nine hundred ten dollars ($77,910) for their personal property; and (4) 100% coverage for loss of the use of their home.

The policy provided that in the event of a loss, appellants would be entitled to the replacement cost of their residential dwelling without deduction for depreciation, subject to the following two conditions:

(1) When the cost to repair or replace the damage is more than $1,000 or more than 5 percent of the amount of insurance in this policy on the building, whichever is less, we will pay no more than the actual cash value of the damage until repair or replacement is made.

(2) You may claim loss or damage to buildings on an actual cash value basis. You may make claim within 180 days after loss for any added loss on a replacement cost basis.

Policy, at 9. In addition, the policy also included the following limitation:

**Suit Against Us.** No action can be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage.

*Id.*

On May 31, 1985, devastating tornados swept across Pennsylvania destroying appellants' home, swimming pool, and all outbuildings on their premises. Nationwide received appellants' claim for loss on June 1, 1985. On June 12, 1985, Nationwide issued appellants a check for one hundred eleven thousand, three hundred dollars ($111,300.00) for their residential dwelling claim, plus an additional five thousand dollars ($5,000) for debris removal. In April, 1986, appellants purchased a new home at a different location. Finally, on July 31, 1986, Nationwide paid appellants eighty-two thousand, nine hundred ten dollars ($82,910.00) to compensate appellants for damage to their personal property.

On August 13, 1987, appellants commenced this action to: (1) recover the costs of additional living expenses incurred as a result of the loss of their property; (2) recover the full replacement value of their home; and (3) recover damages for the emotional distress purportedly caused by Nationwide's agent, Thomas Rossman. Appellees filed a counterclaim seeking compensation for unjust enrichment of appellants through an overpayment of their insurance claim, and through appellants' breach of the Elite II insurance contract. Appellees filed a motion for summary judgment as to appellants' claims arguing that appellants' cause of action is barred by the policy's one-year limitation on the filing of lawsuits.[1] Appellees' motion for summary judgment did not include their counter-claims. The lower court granted appellees' motion for summary judgment based

[1]. Pursuant to 40 P.S. § 636, fire insurance policies are required to include the following language:
"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."
*Id.* at § 636(2).

upon the one-year limitation set forth in the policy. This timely appeal followed.

Appellants raise the following issues for our review:

1. Did the Lower Court err in granting summary judgment to the defendant, Thomas Rossman?
2. Did the Lower Court err in failing to consider emotional distress damages as to the Defendant, Thomas Rossman?
3. Did the Lower Court err in granting summary judgment based on Plaintiffs' alleged failure to file suit within one year of loss?

We will address these issues in order.

Appellants first argue that the trial court erred in granting summary judgment in favor of appellee, Thomas Rossman. We note that when reviewing an entry of summary judgment, an appellate court may disturb the order of the trial court only where there has been an error of law or a clear abuse of discretion. *Green v. K & K Insurance Co.,* 389 Pa.Super. 73, 74, 566 A.2d 622, 623 (1989). In deciding a motion for summary judgment, the trial court must examine the record in a light most favorable to the non-moving party, and in doing so accept as true all well-pleaded facts relevant to issues in the non-moving party's pleadings giving him the benefit of all reasonable inferences to be drawn therefrom. *Hathi v. Krewstown Park Apartments,* 385 Pa.Super. 613, 615, 561 A.2d 1261, 1262 (1989).

Summary judgment shall be granted where the pleadings, depositions, answers to interrogatories and admissions on file, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Rosenberg v. Nicholson,* 408 Pa.Super. 502, 503, 597 A.2d 145, 146 (1991); *McCain v. Pennbank,* 379 Pa.Super. 313, 317–18, 549 A.2d 1311, 1313 (1988); *Gabovitz v. State Auto Insurance Association,* 362 Pa.Super. 17, 22, 523 A.2d 403, 405 (1987), *allocatur denied,* 516 Pa. 634, 533 A.2d 92 (1987). A party is not required to present his or her entire case in opposing a motion for summary judgment. *Brecher*

*v. Cutler,* 396 Pa.Super. 211, 216, 578 A.2d 481, 483 (1990). However, appellants must present depositions, affidavits, or other acceptable documents demonstrating that there is a genuine issue of material fact to be submitted to the fact-finder. *Id.* "Bold unsupported assertions of conclusory accusations cannot create genuine issue of material fact." *McCain v. Pennbank,* 379 Pa.Super. at 318, 549 A.2d at 1313–14.

■■■ Appellants contend that the insurance policy's one-year limitation on lawsuits does not apply to their negligence claim against Rossman. We agree. However, we affirm the order of the trial court on other grounds.[2] After scrupulously reviewing the record, we cannot conclude that appellants have asserted a genuine issue of material fact as to Rossman's negligence.

■■■ The basic elements of a cause of action founded upon negligence are:

1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

2. A failure on his part to conform to the standard required.

3. A reasonably close causal connection between the conduct and the resulting injury. . . .

4. Actual loss or damage resulting to the interests of another.

■■■ Prosser, Law of Torts, § 30 at 143 (4th ed. 1971) *Casey v. Geiger,* 346 Pa.Super. 279, 499 A.2d 606, 612 (1985), *allocatur denied* 516 Pa. 638, 533 A.2d 710 (1987) (quoting *Macina v. McAdams,* 280 Pa.Super. 115, 120, 421

---

**2.** As an appellate court, we may affirm the decision of the lower court by reasoning different than that used by the lower court. *McKenna v. Mooney,* 388 Pa.Super. 298, 300, 565 A.2d 495, 496 (1989); *Gerace v. Holmes Protection of Philadelphia,* 357 Pa.Super. 467, 516 A.2d 354, 357 (1986), *allocatur denied,* 515 Pa. 580, 527 A.2d 541 (1987).

A.2d 432, 434 (1980). Count III of appellants' complaint sets forth the following charges:

30. The Plaintiffs, in purchasing the policy with Defendant Nationwide, relied upon the representations, information and advice of Defendant Rossman in determining the proper type and amount of insurance that they should purchase to insure their home, out buildings, and contents from natural disaster.

31. Defendant Rossman personally appeared on the premises owned by the Plaintiffs which were covered by the policy ... and inspected said premises and was aware of their type, construction, style and approximate worth.

32. The Plaintiffs established the policy limits which they purchased from Defendant based upon the advice and counsel of Defendant Rossman.

33. Plaintiffs have not been compensated under the terms of the policy sold to them by Defendant Rossman for the value of their home, out buildings, swimming pool, and contents and to the contrary believe that they were underinsured in the approximate amount of $125,000.00.

34. As a result of the improper advice, counsel and representations of Defendant Rossman the Plaintiffs have incurred a loss of approximately $125,000.00 to the best of their information, knowledge and belief at this time.

Appellants Complaint, at 7–8 (emphasis omitted). However, the record is void of any evidence supporting appellants' complaint. Appellants merely present unsupported accusations that Rossman offered improper advice, and that appellants were underinsured as a result of this advice. Appellants offer no evidence supporting their assertion that Rossman breached his alleged duty of care, or that this breach caused appellants damage. Because appellants' assertions are unsupported by any evidence in the record, we affirm the granting of summary judgment on this issue.

■ Appellants next argue that the trial court erred in failing to consider their claim for emotional distress damages caused by appellee Rossman. In *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981), the Pennsylvania Supreme Court expressly refused to allow recovery in a claim for emotional distress damages based upon an insurer's bad faith conduct. In *D'Ambrosio*, our supreme court disallowed a claim for emotional distress damages concluding that the Unfair Insurance Practices Act[3] adequately covered the area of concern in such cases. *Id.*, 494 Pa. at 508, 431 A.2d at 970. Although the *D'Ambrosio* case involved the alleged bad faith action of an insurance company, we hold the rationale equally applicable to the actions of the insurance agent in this case.

The Unfair Insurance Practices Act (act) provides that "[n]o person shall engage in this state in any trade practice which is defined or determined to be an unfair method of competition or an unfair deceptive act or practice in the business of insurance pursuant to this act." 40 P.S. § 1171.4. Under the act, the Insurance Commissioner of Pennsylvania is empowered to investigate persons involved in the business of insurance. If after a hearing, the commissioner finds a violation, he may impose sanctions which include a cease-and-desist order, suspension or revocation of license, or even a judicial imposition of a civil penalty. 40 P.S. §§ 1171.9 and 1171.11.

In *D'Ambrosio*, the supreme court concluded that:

[T]he Unfair Insurance Practices Act ... applies not only to appellant's attempt to recover punitive damages but also to his attempt to recover damages for "emotional distress." An award of punitive damages unquestionably is a deterrent device, see Restatement (Second) of Torts § 908 (1965); Restatement (Second) of Contracts § 369 (Tent. Draft No. 14, March 1, 1979); *one which is unnecessary in view of the present legislatively-created regulatory scheme.* And in the vast majority of cases an

3. Act of July 22, 1974, P.L. 589, 40 P.S. § 1171.1–.15.

award of emotional distress damages would accomplish no more than is already accomplished by the Unfair Insurance Practices Act.

*Id.,* 494 Pa. at 508, 431 A.2d at 970 (emphasis in original). Later, this court determined that any form of judicial interference by the creation of a new cause of action would be unwarranted. *Hardy v. Pennock Insurance Agency, Inc.,* 365 Pa.Super. 206, 214, 529 A.2d 471, 475 (1987). We note that in *D'Ambrosio,* the supreme court suggested that emotional distress damages may be recoverable on a contract where "the breach is of such a kind that serious emotional disturbance was a particularly likely result." *D'Ambrosio, supra,* 494 Pa. 501, 509 n. 5, 431 A.2d 966, 970 n. 5. However, this theory has not been adopted by Pennsylvania courts to date. *Rodgers v. Nationwide Mutual Insurance Co.,* 344 Pa.Super. 311, 315, 496 A.2d 811, 815 (1985). Furthermore, we do not believe, according to the facts in this case, that the agent acted so wantonly or recklessly as to warrant recovery for emotional distress.[4]

■ Finally, appellants argue that the trial court erred in granting summary judgment to Nationwide. Specifically, appellants allege that the policy's one-year limitation on lawsuits is contrary to public policy. It would seem that appellants ignore the unbroken line of authorities upholding the limitations clause prescribed by statute. *See General State Authority v. Planet Insurance Company,* 464 Pa. 162, 165, 346 A.2d 265, 267 (1975) (policy provision setting twelve-month time limit on commencing suits to recover under insurance policy is valid and will be sustained); *World of Tires, Inc. v. American Insurance Co.,* 360 Pa.Super. 514, 521, 520 A.2d 1388, 1391 (1987), *allocatur denied,* 516 Pa. 623, 532 A.2d 20 (1987) (twelve-month time

---

4. The Restatement of Contracts § 341 (1932) provides that:
   In actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm and where it was the wanton or reckless breach of a contract to render a performance of such a character that the defendant had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss.

limit is applicable absent actions by insurer which lead insured to believe that provision will not be enforced); *Petraglia v. American Motorists Insurance Co.*, 284 Pa.Super. 1, 4–5, 424 A.2d 1360, 1362 (1981), *aff'd*, 498 Pa. 32, 444 A.2d 653 (1982) (one-year limitation on actions arising under insurance policy is valid and enforceable); *Satchell v. Insurance Placement Facility of Pennsylvania*, 241 Pa.Super. 287, 294, 361 A.2d 375, 378 (1976) (insured not entitled to recovery where suit was brought after expiration of the twelve-month limitations period). There is no dispute that appellants commenced this action beyond the policy's limitation period, "a period which runs from the date of the occurrence of the destructive event or casualty insured against." *Petraglia v. American Motorists Insurance Co.*, 284 Pa.Super. at 5, 424 A.2d at 1362.

■ Pennsylvania case law warrants judgment for appellees on this count unless the insurer led the insured to believe that the provision would not be enforced. *World of Tires, Inc. v. American Insurance Co.*, 360 Pa.Super. at 521, 520 A.2d at 1391. Although appellants allege that the actions of Nationwide and Rossman induced them to delay bringing suit, we are constrained to agree with the trial court that appellants failed to produce any evidence supporting their assertion. *Brecher v. Cutler, supra*, 396 Pa.Super. at 215, 578 A.2d at 483. Therefore, the trial court properly granted appellees' motion for summary judgment on this issue.

The order of the trial court granting summary judgment in favor of appellees is affirmed. The case is remanded for disposition of appellees' counterclaims. Jurisdiction is relinquished.