**Barr v. Public Storage.**

*Brian Barr,* Pro Se.
*Meaghann C. Porth*, for defendant.

BURR, *J.*, August 8, 2012—The plaintiff, Bryant Barr, has appealed from this court's order granting the defendant's, public storage, motion for summary judgment and dismissing, on grounds of untimeliness and with prejudice, the plaintiff's complaint in this action seeking damages for breach of a self-storage rental agreement that allegedly caused water damage to the plaintiff's personal property.

The plaintiff contended in the complaint filed with this court on January 5, 2011, pursuant to the defendant's appeal from the decision entered in the plaintiff's favor by the magisterial district judge who first heard the case, that unnamed owners of the defendant, public storage, located at 6330 Market Street, Upper Darby, PA, where plaintiff had stored his belongings in unit C-947, "refused to take responsibility" and should be held liable for $7,163.50 in damages and "cost" caused by flooding from a sprinkler system. (*Id.*, Paragraphs 4-7).[1] Appended to the complaint

---

1. The plaintiff's initial complaint that was filed in the magisterial district court on October 26, 2010, listed the following items "for damages": three saws said to be valued collectively at $1378.47, a television

is a statement from the plaintiff averring the following:

"On the 24th day of December 2005, I enter [sic] my storage unit C-947 and all my belongings were wet. I notified the main office of my findings. I was informed that the sprinkler system froze and the pipes burst. I was told to write a list of everything that was damaged or destroyed. The list consisted of a table saw, miter saw, sawzall, king size bedroom set and an oak compact disk rack. The total damages were $7,163.50 including filing cost." (*Id.*).

The television and television stand that had been pleaded in justification of $628.98 subsumed within the putative "$7,000" loss asserted on the face of the magisterial district court complaint had vanished.[2] The defendant,

---

and television stand allegedly valued at $628.98, a CD rack purportedly valued at $175.60, a bedroom set contended to be worth $3323.06 and a filing cost of $189.44, all totaling $5695.55. (*Id.*, exhibit A - defendant's motion for summary judgment). The magisterial district judge instead awarded the plaintiff the sum of"$7,000.00" that had appeared as an overall damages estimate on the face of the complaint with no elaboration as to the bases justifying the additional $1,404.45 awarded in his judgment dated November 24, 2010. (*Id.*, exhibits A and B - defendant's motion for summary judgment). The magisterial district judge additionally awarded the plaintiff the sum of $163.50 in costs instead of the $189.44 that had been pleaded in the complaint. (*Id.*). A panel of three arbitrators, with one dissenting, subsequently awarded the plaintiff the total sum of $5,158.23, after which the defendant filed the de novo appeal therefrom that was assigned for disposition by this court.

2. The plaintiff's difficulties in specifying and establishing the value of his losses did not end there. Plaintiff's application for insurance coverage from the listed carrier requested a liability limit of $2,000.00, an amount well below the total amount of damages claimed for his losses in the legal tribunals of this jurisdiction. (Exhibit F - defendant's motion for summary judgment). Moreover, Hertz claim management's valuation of the plaintiff's loss amounted to only $836.80, a sum that included the policy's $100 deductible for "actual loss and damage", based upon evidence that the plaintiff no longer possesses and admittedly threw into the trash. ("Proof of loss" form - exhibit I - defendant's motion for summary judgment). This proof of loss form is undated, but the plaintiff contended that the claim that was later forwarded by Willis Insurance

nevertheless, replied in its answer with new matter to the complaint that the non-party, "PS Illinois trust", owns the storage facility and not the unknown "persons" that the plaintiff had contended. (*Id.*, paragraph 2). The defendant listed defenses in new matter that included untimeliness pursuant to the applicable statutes of limitations, the failure to join necessary and proper parties, as well as the plaintiff's intentional or negligent spoliation of the evidence said to support his damages claim, (*Id.*, paragraphs 2, 7 and 9).

Appended as "exhibit A" to the defendant's answer and new matter were the parties' "rental agreement" executed on July 3, 2005, an "occupant information sheet", and a "self-purchase addendum to lease/rental agreement" executed by the plaintiff on that same date that permitted the defendant to forward an eight dollar premium from each of the plaintiff's regular rental payments to an insurer identified as "Arthur J. Gallagher & Co., P.O. Box 62430, Los Angeles, CA 90074-2430 Or by calling (677) 878-6730 ask for storage insurance program" for coverage in the amount of $2,000.00 (*Id.*). Prominent next to the line on which the plaintiff's signature appears on this form is a boxed notice stating that "manager of this facility is not an insurance agent. Please do not address questions regarding the insurance to them. Call (677) 873-6730." (*Id.*).

Plaintiff's response to the defendant's answer with new matter listed averments that he had filed a claim with

---

services of california to Hertz claim management was initiated on December 24, 2005, the date upon which he allegedly discovered the water damage in the storage unit at the defendant facility. (Plaintiff's response to the defendant's answer with new matter, paragraph 1). Neither Willis insurances services of California, nor Hertz claim management, has ever been made a party to this action, nor have affidavits from any of their employees who reviewed plaintiff's evidence of damage to his property been submitted for review by this court.

Willis insurance services of California on December 24, 2005 when the alleged loss had occurred but that the claim was never settled and was sold to Hertz claim management with whom "an agreement could not be settled." (*Id.*, paragraph 1).[3] Plaintiff additionally alleged that he had provided "pictures and proof of purchase to both insurance companies" of the loss caused by the defendant's neglect. (*Id.*, paragraphs 3-5). Plaintiff stated that the statute of limitations on his complaint for damages had been waived by the magisterial district judge who had heard the case. (*Id.*, paragraph 2). Regarding the certificate of insurance from the carrier, plaintiff stated that water damage to his goods had been covered, and that he had routinely paid the eight dollar per month premium on the policy with his remittance of rent for the storage unit to the defendant. (*Id.*, paragraphs 6-8).

The plaintiff further claimed that the defendant owner "didn't act in good faith, which cause [sic] the loss and/or

_____

3. This is not an accurate statement based upon the plaintiff's own evidence. To reference his claim number when the matter was forwarded to Hertz claim management as "05-2008-12267", plaintiff appended as exhibit C to his response to averments set forth in paragraph 18 the defendant's motion for summary judgment that this action is time-barred, a letter dated March 2, 2009 from Joe Parraz of Hertz claim management. In that letter, Mr. Parraz said that he had arrived at a $736,80 valuation of the plaintiff's loss, minus the policy's $100 deductible, and that, if he did not receive the signed "proof of loss" form approving that settlement amount back from the plaintiff in fourteen days, "we will assume you no longer wish to pursue the claim and our file will be closed." (Letter from Joe Parraz of March 2, 2009 - appended as exhibit B to plaintiff's response to the defendant's motion for summary judgment; proof of loss" form appended as exhibit I to the defendant's motion for summary judgment). Plaintiff has submitted no affidavit from Mr. Parraz elaborating on the circumstances surrounding or following the sending of this correspondence to the plaintiff. Moreover, the plaintiff has never effectively explained why he waited not only nine additional months until the statute of limitations on his breach of contract claim had expired on December 24, 2009, but an additional ten months afterward to file his magisterial district justice complaint on October 26, 2010.

damages to the personal belongings of the plaintiff." (*Id.*, paragraph 9). Appended as "exhibit A" to the plaintiff's response to the defendant's answer with new matter was a copy of the decision from the magisterial district judge, dated November 24, 2010, awarding the plaintiff $7,000.00 in damages and $163.50 in costs incurred in filing the complaint.

On May 18, 2011, the defendant filed a motion for judgment on the pleadings in which it claimed that the plaintiff's commencement of this action on October 20, 2010 with the filing of a complaint with the Delaware County Magisterial District Court alleging damages that purportedly had occurred on December 24, 2005 clearly exceeded the four year statute of limitations for breach of contract pursuant to 42 Pa.C.S.A. § 5525.[4] (*Id.*, pp. 1-3). The defendant added that the plaintiff's contentions of the defendant's negligence being the cause of his losses clearly exceeded the applicable two year statute of limitations, 42 Pa.C.S.A. § 5524, an issue that is largely undisputed in the record. (Memorandum of law in support of the defendant's motion for judgment on the pleadings, p. 5, fn. 1). The defendant further asserted that the plaintiff's claims of a failure of settlement with the insurer were irrelevant to the suit against the defendant storage company. (*Id.*, 5). The defendant alleged that plaintiff's assumption that

---

4. It is here noted that the defendant has erroneously cited in its various motions and memoranda to law section 5525 of the Pennsylvania judicial code that provides for a four year statute of limitations for breach of contract actions as emanating from Title 13, which encompasses Pennsylvania's uniform commercial code provisions. The defendant has similarly cited to 13 Pa.C.S.A. 2725 setting forth the UCC's four year limitations period for actions on contracts for the sale of goods and services, despite there having been no UCC claims either raised or litigated in the cause of action. (Defendant's reply brief in support of its motion for summary judgment, p. 4).

the magisterial district judge had "waived" the statute of limitations for breach of contract is unfounded in the record, and that the decision was the basis for the instant appeal, nonetheless. (*Id.*, pp. 6).

The plaintiff contended in his response to the defendant's motion for judgment on the pleadings that his having "dealt with two insurance companies when the claim was set forth...causes the claim to exceed the four year statute of limitations." (*Id.*, Paragraph 3). In answer to the defendant's contention that his complaint was filed out of time, the plaintiff replied:

"Denied. Plaintiff received the run around from two different insurances [sic] when he tried to collect on damages. The first insurance company Willis insurance services of California, Inc[.] received all the evidence from the claim and never awarded the plaintiff for his damages. Plaintiff made countless phone calls only to talk to a recording. No one ever returned plaintiff's calls. Three years later, plaintiff's claim was sold to Hertz claim management. Hertz claim management informed plaintiff that they had no record of his claim and plaintiff had to prove that he was currently renting a storage unit at public storage. All of evidence was lost and it took plaintiff some time to gather all the information and documents. Plaintiff submitted a new claim but no agreement could be reached." (*Id.*, paragraph 15).

Here again, the plaintiff neglected to mention that the purported "impasse" between himself and Hertz claim management had been reached in March of 2009, or nine months before the four year statute of limitations on his

breach of contract claim had expired on December 24, 2009. Nevertheless, apparently having concluded that the plaintiff's complaint was well-pleaded on its face and could not be dismissed as a matter of law on grounds that no recovery was possible, the honorable James F. Proud of this court denied the defendant's motion for judgment on the pleadings.

A month prior to the December 5, 2011 compulsory arbitration hearing that had been scheduled for this case, the defendant filed an emergency motion to compel the plaintiff's deposition and answers to Interrogatories and requests for production of documents. The plaintiff averred: "admit" in response to a statement in that motion that the plaintiff had submitted evidence only in the form of a list of his allegedly damaged possessions at the proceeding conducted by the magisterial district justice on November 23, 2010. (Defendant's emergency motion to compel plaintiff's deposition and responses to interrogatories and request for production of documents, paragraph 1). The plaintiff appended, as unmarked exhibits to his response to the said emergency motion, responses to the defendant's several discovery inquiries, including the following that are considered germane to resolution of his issues on appeal:

Plaintiff's responses to certain of the defendant's requests for admissions:

"6. You initialed, acknowledging that you understood and agreed to the provisions of, paragraph 4 of the rental agreement titled 'limitation of owner's liability/ occupant's liability.' Plaintiff's answer: 'Admit.'

7. You initialed, acknowledging that you understood and agreed to the provisions of, paragraph 5 of the rental agreement titled: 'insurance. All personal property is stored by occupant at occupant's own risk. Insurance is occupant's sole responsibility. Occupant understands that owner will not insure occupant's personal property.' Plaintiff's answer: 'admit. Plaintiff submitted a property damage claim to the insurance company recommended by public storage.'

16. You possess no photographs of the alleged damage to the stored items or property related to the alleged flooding incident. Plaintiff's answer: 'admit.'

17. You no longer possess any of the items or property which you allege were damaged as a result of the flooding incident. Plaintiff's answer: 'admit. All the documents were sent to both insurance companies.'" (Plaintiff's answers to defendant's request for admissions appended as an unmarked exhibit to plaintiff's response to the defendant's emergency motion to compel the plaintiff's deposition, responses to interrogatories and request for production of documents, pp. 1-4).

Plaintiff's responses to certain of the defendant's first set of interrogatories:

"11. Identify any and all communications(s) you had with an agent, employee or any other representative of your insurance carrier(s) regarding the alleged flooding incident, and as to each communication state the date and time on which it was made, the person to whom it was made or the persons whom it was between, the manner in which it was made ([i.e.], in person, orally,

in writing, etc.), and your alleged actions in response to the communications. Plaintiff's answer: 'without knowledge.'

12. Identify and explain the 'valuable information that will prove without a reasonable doubt that [you] were wronged'.... Plaintiff's answer: 'The information was introduced in the response to the summary judgment.'

15. Identify all documents and state all facts supporting your contention that the amount of damage to and/or loss of the items identified in response to interrogatory no. 11 as a result of the alleged flooding incident was $7,163.50. Plaintiff's answer: 'The plaintiff provided copies of receipts to the [d]efendant showing proof of purchase.'

17. Do you still possess any or all of the items identified in response to interrogatory no. 11? Plaintiff's answer: "No. The plaintiff doesn't possess any of the items. The plaintiff does not remember when he discarded the items. The [p]laintiff put the damaged items in the trash."' (Plaintiff's answers to defendant's first set of interrogatories appended as an unmarked exhibit to plaintiff's response to the defendant's emergency motion to compel the plaintiff's deposition, responses to interrogatories and request for production of documents, pp. 2-4).

Plaintiff's responses to the defendant's request for production of documents:

Despite the defendant's listing of 24 discrete requests to the plaintiff to provide documentary and photographic proof of his alleged losses with which the plaintiff expected

to establish his claims against the defendant, as well as reports from potential experts, the plaintiff provided only the following in answer thereto. The latter two columns in the segment just below presumably reflect the date and place of purchase of the allegedly damaged items, absent invoices and other proofs of plaintiff's recollection of their purchase price being appended as exhibits in support thereof:

De walt table saw $529.99 06/10/04 sears

De walt miter saw $651.48 04/09/04 home depot

De walt sawzall $199.00 home depot

Sony 27" Wega TV $473.99 10/30/02 best buy

Bedroom set (King) $3323.06 06/02/2002

Strawbridge's

TV stand $154.99

CD rack $175.60

On November 23, 2011, at 12:28 the plaintiff and a third party witness spoke to Meghan C. Hayes, esquire, counsel of record for (public storage) the [d]efendant. Meghan C. Hayes was given permission by public storage to offer a settlement in the amount of $1,500.00. The [d]efendant offered far less than 80 percent of what the court has already awarded the plaintiff." (*Id.*).

The plaintiff provided, as an unmarked exhibit in apparent support for these latter remarks, the notice of the award to him by the panel of arbitrators in the amount of $5,158.23. (Plaintiff's answers to defendant's first set of

requests for production of documents and things appended as an unmarked exhibit to plaintiff's response to the defendant's emergency motion to compel the plaintiff's deposition, responses to interrogatories and request for production of documents, pp. 1-2).

Additional unmarked exhibits appended by the plaintiff to his response to the defendant's emergency discovery motion were (1) a copy of the "proof of loss form" noticing Hertz claim management's offer to settle his claim for $736.80 in compensation for his alleged losses that is unsigned by the plaintiff; (2) certificates of storage insurance issued by New Hampshire Insurance Company, Willis Insurance Services of California, Inc., and Arthur J. Gallagher & Co.; (3) a letter from public storage dated January 18, 2008, introducing Willis Insurance Services of California as the new program administrator for plaintiff's storage insurance program; and (4) a letter from Willis Insurance Services of California, Inc. dated December 1, 2008, announcing its new partnership with New Hampshire Insurance Company and stating that plaintiff's policy limit of $2,000 and monthly premium of $8.00 remained unchanged. (Id).

Following this court's initial dismissal of the defendant's motion for summary judgment on grounds of mootness based upon the understanding that the parties had settled the case, the defendant refiled the motion when the plaintiff refused its offer of $1,500.00. The defendant contended that summary judgment was warranted in its favor because: (1) the plaintiff's breach of contract claim is barred by the untolled, four year statute of limitations set forth in 42 Pa.C.S.A. § 5525; (2) the plaintiff has proffered

no proof whatsoever, except self-serving assertions, to establish that the foregoing statute of limitations either had been, or should be, waived on grounds that the defendant and the insurer who failed to settle his claim before the limitations period had run are one and the same entity; (3) the plaintiff has produced no evidence whatsoever to show that any property or items belonging to him were damaged in any way, nor can he produce such evidence, including photographs, thereof because the listed items were admittedly discarded by the plaintiff; and (4) the plaintiff has produced no evidence whatsoever to establish that any of his property was damaged through the fault of the defendant, public storage. (Defendant's motion for summary judgment, paragraphs 17-21; Defendant's memorandum of law in support of its motion for summary judgment, pp. 4-5, 7-9).

The plaintiff submitted the following responses to the defendant's grounds for granting summary judgment in its favor:

"17. Denied [the allegation of failure to present proof of waiver of the statute of limitations and damage to his property caused by the defendant]. The plaintiff has produced records to Hertz claim management.

18. Denied [the allegation that failure to settle his claim with the insurer has no bearing on this law suit]. The statute of limitation should have been waived due to the fact that several different insurance companies handled the plaintiff's claim causing the delay. The first insurance company[,] Willis Insurance Services of California[,] had the plaintiff's claim for three years

before they sold it to Hertz claim management. The plaintiff contacted Hertz claim management to inquire about the status of his claim. He was informed that they had no record of his loss and that he ever rented a storage unit with public storage. The plaintiff had to re-submit a new claim and proof that he had rented a storage unit from the defendant. The plaintiff faxed proof on August 17, 2008 (See exhibit A [which consisted of a fax cover sheet dated August 17, 2008, but no copies of the "proof" of his losses that the plaintiff had referenced]) [.] The plaintiff submitted receipts and pictures of the property to both insurance companies. The claim number was 05-2008-12267. (See exhibit B [which consisted of a letter dated March 2, 2009 from Joe Parraz of Hertz claim management asking the plaintiff to sign and return a "proof of loss"[sic] in exchange for a check in the amount of $736.80 in settlement of the claim, with the proviso that, if plaintiff did not respond within 14 days thereafter, the carrier would assume that plaintiff no longer wished to pursue the claim and the file would be closed]).[5] The type of loss stated was water damage. The temperature during the evening of December 17 through 24 was below freezing.

---

5. The statement in this letter informing the plaintiff of the need to respond to Hertz claim management's offer of settlement within 14 days of its receipt in March of 2009, fully nine months before the four year statute of limitations for bringing the within action for breach of contract had expired on December 24, 2009, puts to rest any assertion by the plaintiff that he had received no disposition of his claim from his insurance carrier in time to file this action before it became time barred, Indeed, the "runaround" plaintiff contends he received, as well as the inability to contact his respective carriers by telephone (at least), still left him months on end to file his complaint against the defendant with plenty of time left over. Nevertheless, the plaintiff waited an inexplicable additional ten months thereafter to initiate this cause of action against the defendant on October 26, 2010.

(See exhibit C [consisting of a "weather history" for Philadelphia, PA for the month of December 2005).

19. Denied [the allegation that the plaintiff had entered into the parties' storage rental agreement with the knowledge and understanding that the defendant, public storage, is not an insurer or insurance agent]. The defendant stated previously that they were a separate entity from the insurance company. This is not true! The plaintiff was charged $138.38 for his storage unit number C-947. The breakdown was $123.00 rental fee, $7.38 rental tax and $8.00 insurance per month. (See exhibit D [consisting of a receipt for the payment of plaintiff's storage rent on January 8, 2009]). The plaintiff had an option to seek his own insurance or may obtain insurance by signing up for the insurance plan described in the insurance brochure made available by owner, public storage. (See exhibit E [comprising the parties' rental agreement]).

20. Denied [the allegation that the plaintiff possesses no credible, material and persuasive evidence with which to establish that the items contended were ever placed in storage and/or were damaged in any way]. The plaintiff provided a copy of the express mail receipt addressed to Hertz claim management dated January 10, 2009. (See exhibit F [consisting of said express mail receipt dated '1/10/09' and addressed to Hertz claim management and nothing else]).

21. Denied [the allegation that the plaintiff possesses no evidence that any items belonging to him were damaged by the action or inaction of the defendant, and

that his suit is time barred]. The plaintiff submitted a list of all the items that were destroyed from the water." (Plaintiff's responses to the defendant's motion for summary judgment, paragraphs 17-21).

The plaintiff concluded his response to the defendant's summary judgment motion by insisting that his suit is not time barred because "[s]everal different insurance companies handled the plaintiff's claim causing the delay. The plaintiff made countless phone calls only to talk to a recording. The plaintiff received the runaround from both companies, which lead [sic] to the formal [c]omplaint being filed in the court of common pleas of Delaware County, Pennsylvania. . . The defendant is taking advantage of the plaintiff because he is pro se. The defendant['] s defense is frivolous and without merit. Affirm the two previous decisions!" (*Id.* Paragraphs 23-24).

This court granted the defendant's motion for summary judgment and dismissed the plaintiff's complaint with prejudice. Plaintiff has submitted the following concise statement of matters complained of on appeal:

"Pro se plaintiff, Bryant Barr['s] grounds for an appeal are Res Judicata, judicial estoppel and equitable tolling. First, the plaintiff was awarded two judgments in the lower courts for $7,163 in [magisterial] district court and $5,158.23 in [an] arbitration hearing. (See exhibit A). [The] honorable judge James F. Proud denied the [d]efendant'[s] counsel'[s] motion for a judgment on the [p]leadings on July 5th, 2011 and a motion for summary judgment on October 31st, 2011 (See exhibit B). The matter cannot be raised again either in the

same court or in a different court. Counsel has used the same defense never entering any new evidences [sic] or argument. Second, counsel['s] initial defense states that [the defendant] and the Hertz claim management are a separate entity when[,] in fact[,] that [is] not true. During the settlement conference between the two parties[,] counsel admitted that they are the same entity. (See exhibit C). Last[,] but not least, the statute of limitation[s] may be equitably tolled (extended, suspended, put on hold) when[,] under certain circumstances:

Interference: The defendant's conduct contributed to the plaintiff's delay in filing a suit. (*[Bollinger] v. National Fire Ins. Co.*, [25 C[al.] 2d 399, 411(1944)].

The [s]tatute of limitations is delayed if the insurance company fails to disclose and notify the plaintiff/ claimant of the statute of limitations if he or she is not represented by an attorney at law. See: [citation missing.]

-Fraud/Misrepresentation: Case law based on estoppel where insurance company misled claimant to not file a lawsuit until after the statute of limitations had run. (*Vu v. Prudential Prop. & Cas. Ins. Co.*, [26 Cal. 4th 1142, 1152(2001)].

Hertz claim management never notified the plaintiff to inform of his legal rights. [T]herefore[,] due to their negligence[,] the plaintiff's appeal should be granted." (Plaintiff's concise statement of matters complained of on appeal, pp. 1-2).

·The plaintiff's issues are discussed under the appropriate headings below.

## Waiver of All Issues

Plaintiff contended that his appeal should be won on grounds of res judicata and that the decisions of the magisterial district judge and compulsory arbitration panel in his favor should be "affirmed" by this court. (concise statement, unnumbered paragraph one). Clearly, the decisions of tribunals ranked below Pennsylvania's State Trial Courts, especially when issued without explanation or opinion and subject to de novo review like the compulsory arbitration panel's and the magisterial district judge's findings in this case, are never controlling, nor binding upon any higher court in this commonwealth. See: Pennsylvania Rule of Civil Procedure 1311 (providing for a trial de novo on appeal to the Pennsylvania Court of Common Pleas from a compulsory arbitration panel's decision); magisterial district judges rule 324 (providing for appeal to the Pennsylvania court of common pleas from a magisterial district judge's decision). Plaintiff also believes that the rulings against the defendant by another judge of this court on the defendant's motion for judgment on the pleading and previously filed motion for summary judgment must not be "overturned." Nevertheless, a ruling that a case is well-pleaded neither decides, nor disposes of any claim on the merits, and a finding that sufficient doubt remains as to whether a case must be dismissed in fact and/or in law may be revisited following the acquisition of additional evidence through discovery to support a contention that judgment in the movant's favor is warranted. *Dietz v. Chase Home Finance, LLC*, 41 A.3d

882 (Pa. Super. 2012); *Porro v. Century III Associates*, 846 A. 1282 (Pa. Super. 2004).

It is further noted that the plaintiff's appellate issues must be dismissed for being waived in their entirety due to the plaintiff's never having submitted to this court any memoranda of law setting forth any legal argument whatsoever with citations to relevant, persuasive and controlling case authorities so as to advance his position vis a vis the claims waged against the defendant. *Asbury v. Mercy Fitzgerald Hosp.*, 13 Pa. D. &. C.5th 225 (Delaware county 2010), aff'd. 23 A.3d 1078 (Pa. Super. 2011)(Table). While citations to two case authorities were finally provided in the plaintiff's concise statement of matters complained of on appeal, they are from another jurisdiction and are, therefore, not persuasive, controlling, nor binding upon this court. Moreover, the court was improperly deprived of the ability to read and reflect upon the plaintiff's cited legal authorities before this appeal was taken, as well as the opportunity to review and deliberate upon the principles for which they were proffered. Pa.R.App.P. 302(a)(issues raised for the first time on appeal are deemed waived); *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974); *Sayne v. Wylie* 296 Pa. Super. 134, 442 A.2d 694 (Pa. Super. 1981). For these reasons alone, all of plaintiff's issues on appeal must, perforce, be deemed waived.

There is, however, a more compelling reason for upholding the order of this court granting the defendant's motion for summary judgment and dismissing the plaintiff's claims with prejudice. In an opinion filed in the case of *Polinsky v. Nationwide Mut. Ins. Co.*, 77

Pa. D. & C.4th 95, 106-107 (Armstrong county, 2005), the Honorable Kenneth G. Valesek wrote the following admonition to chide the unrepresented plaintiffs for their numerous lapses in prosecuting their claim against the defendant in that case:

"[T]he court must caution plaintiffs that[,] even though they are not represented by legal counsel, they are not entitled to a more lenient application of the rules of court simply because they chose to proceed pro se. "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Jones v. Rudenstein*, 401 Pa. Super. 400, 404, 585 A.2d 520, 522 (1991)(quoting *Farretta v. California*, 422 U.S. 806, 834 n.46, 95 S.Ct. 2525, 2540 n.46 (1975)." *Id.*, footnote omitted).

In the case sub judice, the plaintiff has repeatedly prayed for equitable relief from the applicable four year limitations period on grounds that the successor in interest to his original carrier had responded to his claim for coverage too late for a timely filing of a complaint in this action. Nevertheless, the plaintiff's own evidence revealed that he received a letter dated March 2, 2009 from Joe Parraz of Hertz claim management enclosing a "proof of loss form" setting for an offer to settle his claim for $736.80. (Letter from Hertz claim management dated March 2, 2009 - exhibit B appended to the plaintiff's response to the defendant's motion for summary judgment). Plaintiff was notified, as of that date, that he was required to sign and return Hertz claim management's "proof of loss form" expressing the offer within fourteen days of its receipt

or Hertz claim management would assume that plaintiff no longer wished to pursue the claim and the file would be closed. (*Id.*). It may be reasonably inferred that the plaintiff did not respond to Hertz management's offer in March of 2009 because he deemed it unacceptable, but it is known that the complaint against the defendant was not filed with the magisterial district court until nineteen months later on October 26, 2010. Hence, the plaintiff voluntarily and unilaterally allowed the applicable four year limitations period to lapse by failing to file suit before it had expired nine months later, on December 24, 2009, and permitted an additional 10 months to pass before he filed his initial complaint in this action on October 26, 2010. Consequently, the plaintiff's prayer for equitable estoppel was denied because the delay complained of was caused solely by the plaintiff's own conduct.

## The Doctrine of Equitable Estoppel

The plaintiff contended that the defendant must stand in the place of the within insurance carriers and be deemed liable for his losses on grounds that public storage, Willis insurance services of California and Hertz claim management are all one and the same business entity. (Concise statement, unnumbered paragraph one). It goes without saying that the plaintiff has submitted not a shred of evidence to support this claim, which seems to rest merely on the suggestion that the payment of his self-storage insurance premium in tandem with his rental payment rendered the insurers and the defendant one and the same.

In any event, the plaintiff has omitted any reference in legal argument to this court to the self-service storage

facility act, 73 P.S. § 1901 et sequitur and its proviso that: "[u]nless the rental agreement specifically provides otherwise, the exclusive care, custody and control of any and all personal property stored in the leased space shall remain vested in the occupant, who shall bear all risks of loss or damage to such property not caused by any negligence of the owner." *Id.*, § 1914. It has been shown that, during the course of discovery, the plaintiff admitted his knowledge and understanding of the foregoing language set forth in the self-storage rental agreement, which he executed willingly and voluntarily. Additionally, plaintiff's own conduct adduced contact with Willis insurance services of California on the same date as his discovery of the damage to his property to begin the process of securing coverage of his purported losses, as well as submission of his claim three years later to Hertz claim management. There is simply no evidence that the defendant owned, controlled or maintained a possessory interest in the insurance carriers connected with this case, or that the premiums collected from the plaintiff went into its own coffers. Hence, this contention, must be deemed both groundless for being contrary to the facts and the applicable law, as well as waived for the failure to submit appropriate legal argument in support thereof.

The plaintiff's last contention on appeal is that the statute of limitations should be tolled because the defendant's conduct had contributed to the plaintiff's delay in filing suit pursuant to the California case authority of *Bollinger v. National Fire Ins. Co.*, 25 Cal.2d 399, 411(1944). Unfortunately for the plaintiff, *Bollinger* is inapposite to this case inasmuch as the court there held that the

defendant insurer's employment of dilatory tactics during the *course* of the litigation justified equitable tolling of the applicable statute of limitations. *Id.* (Concise statement, unnumbered paragraph two). Plaintiff claimed that the insurance company had allegedly failed to honor a putative right to a reminder of the statute of limitations because he was unrepresented by an attorney, a contention for which no citation to a case authority from any jurisdiction was provided, and that Hertz claim management had purportedly misled him so as not to file a lawsuit until after the applicable statute of limitations had run, pursuant to the case authority of *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1152 (2001) (Concise statement, unnumbered Paragraphs Three through five).

It is clear in the record that the defendant engaged in no contact or communication of this kind with the plaintiff, and that in order for these contentions to inure to its liability, the defendant and the insurers must be deemed to be one and the same, and plaintiff has failed to provide proof that this is so. Segueing to a review of evidence of the insurers' contacts with the plaintiff, there is likewise none demonstrating any conduct that would cause or induce the plaintiff to sit on his rights and delay filing suit due to reasonable reliance on any putative misrepresentations, none of which have, in fact, been alleged. The evidence clearly adduces that the plaintiff's last contact with Hertz claim management was via Mr. Parraz's letter enclosing the "proof of loss form" with an offer to settle his claim for $736.80, provided the plaintiff signed and returned that form within fourteen days from March 2, 2009. Having deemed this settlement amount to be unacceptable, the

plaintiff then determined that the negotiations had met the "impasse" hereinabove described. However, instead of immediately filing this law suit, after having waited approximately three and a half years for his claim to be resolved by his insurance carrier, the plaintiff unilaterally and voluntarily allowed the applicable four year statute of limitations to expire fully nine months later, and waited another ten months to file the complaint on October 26, 2010.

Plaintiff's allegations of receiving "the runaround" and his phone calls being answered by voicemail devices during the period when his claim went unresolved cannot and do not explain why it took him so long to file this cause of action. The court is also mystified by the plaintiff's seemingly pathological reluctance to attempt to contact the carriers by certified mail. There is not a scintilla of evidence that anyone behaved in the manner contended by the plaintiff so as to justify the employment of the doctrine of equitable estoppel in his favor. Finally, even if the defendant arguably could be deemed to be one and the same business entity as the plaintiff's self-storage insurance providers, this complaint would be dismissed with prejudice and alacrity for being untimely filed on these facts as well.

## Conclusion

"Equitable estoppel is a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect." *Prime Medica Associates v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1157 (Pa. Super. 2009)(citation omitted). "A doctrine sounding

in equity, equitable estoppel recognizes that an informal promise implied by one's words, deeds or representations which leads another to rely justifiably thereon to his own injury or detriment may be enforced in equity." *Id.* The *Prime Medica Associates* court elaborated further on the doctrine's applicability in the courts of this commonwealth on facts bearing a similarity to those in this case:

"The party asserting estoppel bears the burden of establishing estoppel by clear, precise and unequivocal evidence. *Farmers Trust Co. v. Bomberger*, 362 Pa. Super. 92, 523 A.2d 790 (1987). "[M]ere silence or inaction is not a ground for estoppel unless there is a duty to speak or act." *Id.* at 793 (quoting *Brown v. Haight*, 435 Pa. 12, 19, 255 A.2d 508, 512 (1969).

The insured must establish a factual basis to assert the defense of waiver or estoppel...*Lardas v. Underwriters Ins. Co.*, 426 Pa. 47, 231 A.2d 740 (1967)(holding no waiver or estoppel where insurer did not mislead insured about possibility of settlement or persuade insured to refrain from commencing suit); *Kramer v. State Farm Fire and Cas. Ins. Co.*, 412 Pa. Super. 227, 603 A.2d 192 (1992)(holding insurer's assertions regarding its refusal to pay under insurance policy was not fraudulent communication or form of duress which forced insured to forbear bringing suit); *World of Tires [, Inc. v. American Insurance Co.*, 360 Pa. Super. 514, 520 A.2d 1388 (1987)] (holding insurer's offer of settlement did not indicate waiver of suit limitations clause);.... *Petraglia [v. American Motorists Ins. Co.*, 284 Pa. Super. 1, 424 A.2d 1360 (1981), affirmed by 498 Pa. 32, 444 A.2d 653 (1982)](holding insured

failed to present factual basis for waiver or estoppel despite silence of insurer as to suit limitation). . . .The insured must present evidence establishing "reasonable grounds for believing that the time limit would be extended" or that the insurer would not strictly enforce the suit limitation provision. *Petraglia*, supra (quoting *McMeekin v. Prudential Ins. Co. of America*, 348 Pa. 568, 572, 36 A.2d 430, 432 (1944).

\*\*\*\*\*\*\*

Insured failed to show any actions by insurer which induced insured to conclude insurer would waive the limitations period. See *World of Tires*, supra.

\*\*\*\*\*\*

Furthermore,... [t]he record does not indicate insurer misled insured about the possibility of settlement or induced insured in any manner to refrain from commencing suit. See *Lardas*, supra; *Kramer*, supra. The mere declaration that insurer was investigating the claim is insufficient to prove insured was induced to forbear from commencing suit. See *World of Tires*, supra; *Lardas*, supra. . . . Insurer gave no formal or informal promise implied by its words, deeds or representations which led insured to justifiable reliance or forbearance to its own injury or detriment (citation omitted). Thus, we conclude insured's failure to commence suit within the policy limitations period barred its claim against insurer." *Prime Medica Associates v. Valley Forge Ins. Co.*, supra. 970 A.2d at 1157-1158 (Pa. Super. 2009).

Pennsylvania Rule of Civil Procedure 1035.2 allows

for summary judgment to be granted whenever (1) there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, or (2) the adverse party who will bear the burden of proof at the trial has failed to produce evidence of facts essential to the cause of action. Pa.R.C.P. 1035.2; *Billman v. Saylor*, 761 A.2d 1208, 1210 (Pa. Super. 2000). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury can return a verdict in his favor. *Jones v. Septa*, 772 A.2d 435, 438 (Pa. 2001); *Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1042 (Pa. 1996). "Allowing non-moving parties to avoid summary judgment where they have no evidence to support such an issue on which they bear the burden of proof runs contrary to the spirit of Rule 1035." *Ertel v. Patriot-News Co.*, supra, 674 A.2d at 1042. Even considering that the plaintiff would doubtless be unable to meet his burden of establishing the element of damages in this case, he has failed even to meet the threshold requirement of assuring that this cause of action was not time-barred.

For all of the foregoing reasons, the order granting summary judgment to the defendant and dismissing the plaintiff's complaint with prejudice must not be disturbed.